RICH. The MARY A. See Case No. 9,198.

RICHARD (UNITED STATES v.). See Case No. 16,154.

## Case No. 11,763.

### RICHARD v. VAN METER.

[3 Cranch, C. C. 214.] [1]

Circuit Court, District of Columbia. Dec. Term, 1827.

SLAVERY — PETITION FOR FREEDOM — ATTEMPT TO REMOVE—CONTRACTS—CONTEMPT.

1. An attachment of contempt will lie against a master who attempts to remove his slave out of the jurisdiction of the court after he has notice or knowledge of the slave's petition for freedom; and the court will also order the slave to be brought into court by the marshal, that he may be protected.

2. A contract between a master and his slave cannot be enforced either at law or in equity.

This was a petition for freedom [by negro Richard], stating in general terms, that the petitioner is entitled to his freedom, but is held in slavery by the defendant [Abraham Van Meter]. It was filed on the 3d of April, 1826. On the 31st of May, 1827, the petitioner filed an additional petition stating that he had filed his petition for freedom, which was still pending, of which the defendant's agent, (Miller,) has been duly notified, as well as the defendant, Van Meter, himself, who has seized upon the petitioner, and threatens to remove him from the jurisdiction of this court, before his suit can be tried, and praying the protection of the court, and for general relief. This was sworn to, by John B. Gray, a white man. Whereupon, the following order was made by THE COURT (CRANCH, Chief Judge, doubting):

[1] [Reported by Hon. William Cranch, Chief Judge.]

"Ordered, that an attachment issue against the said Van Meter, for a contempt of this court, in forcibly seizing, and attempting to carry the petitioner out of the jurisdiction of this court, after due notice of the pendency of the said petition; and that the petitioner be brought before this court, in order that proper measures may be taken to protect him from further violence, and unlawful hindrance in the prosecution of his suit for freedom."

Being brought into court, Mr. Van Meter, upon interrogatories, purged himself of the contempt; and filed an answer to the petition.

The cause was tried by the court. neither party having required a trial by jury, as provided for in the twenty-second section of the Maryland act of 1796 (chapter 67).

Before CRANCH. Chief Judge, and THRUSTON, Circuit Judge.

CRANCH, Chief Judge. This cause has been tried before the court, by consent, without a jury. The facts appear to be, that the plaintiff was the slave of William W. Claggett, who, on the 25th of June, 1822, gave him the following written certificate: "This is to certify that Richard, my negro, wishes to purchase himself, and it is my wish that he should do so; therefore, he is at liberty to work for himself, so as he may be able to accomplish his object. Upon his finally paying one hundred dollars he then is to be free. Given under my hand this 25th of June, 1822. William W. Claggett." On the 6th of December, 1822, Mr. Claggett sold him to Daniel Bussard, by bill of sale of that date, "as a slave for life."

There is no evidence that Mr. Bussard ever saw Mr. Claggett's certificate until after he bought him, although there is some reason to believe, that he knew, that the negro had received some such promise. It is probable that some part of the 100 dollars was paid by Richard to Mr. Claggett; but how much, is uncertain. Mr. Walter Claggett has testified, that he heard his brother, William W. Claggett, say, that about thirty-five dollars were due, and that when that sum was paid, Richard was to be free. There is no evidence that Mr. Van Meter had any knowledge, at the time of his purchase of the negro, that he had any promise of freedom.

These appear to be all the material facts of the case. The claim rests upon a conditional promise made by the master to his slave. In the case of Brown v. Wingard [Case No. 2,034], this court in April, 1822, decided that a contract between a master and his slave, could not be enforced at law or in equity. That decision has been adhered to ever since, and seems to be decisive of the present case, even if the whole purchase-money had been paid.

We think the judgment must be against the petitioner.