per curiam.

And We ought not to issue a subpoena with such a clause, in the present instance; otherwise the surveyor general or other public officer, might be obliged to take any original public papers from his office to the furthest counties in the state, and the same papers might be demanded in different counties at the same time.
Whereupon the counsel mutually agreed to go together to the office of the surveyor general, and examine the original papers. Mr. Broadhead, the surveyor general, would not permit his clerk to make out copies for the counsel, alledging that it was after office hours on Saturday afternoon, although his clerk offered to do the service, on the parties agreeing to make him compensation. The court directed a subpoena to issue to the surveyor general, to appear instanter; he appeared accordingly, and at * tempted to excuse himself, by observing that he could not see sufficiently to make out L the copies, and had no clerk who could perform the service; but on being threatened with an attachment by the court, he produced the original papers.
A dispute afterwards arose between the counsel on a point of order, who had the right of concluding to the jury; when the court observed that the settled rule was, that whoever supported the affirmative of the issue had the right to begin and conclude. Here the onus probandi lay on the regulators, and therefore they were entitled to the conclusion.