ALBANY,
Feb. 1810.

BROCKWAY
v.
WILBER.

the defendant was " advised by counsel," which is re-quisite in an affidavit of merits. (3 *Caines*, 97.)

*Per Curiam.* The affidavit of merits is defective, in not stating that the defendant was *advised by counsel;* and by the rule of this court, of the 21st *November*, 1808, a copy of the affidavit of merits, filed with the clerk of the sittings, must be served on the opposite party.

Motion denied.

---

BROCKWAY <em>against</em> WILBER.

A rule for an attachment a-gainst a sheriff for not return-ing an execution delivered to his deputy, was granted, though twelve years had elapsed since the execution was issued.

J. RUSSEL, for the plaintiff, moved for an attachment against *Gilleland*, late sheriff of the county of *Rensselaer*, for not returning the *fieri facias* in the above cause.

It appeared that the *fieri facias* had been delivered to one of the sheriff's deputies, in the year 1797, who afterwards went beyond sea, and died, and that the sheriff was ignorant what had been done with the execution.

*Foot*, contra, said, that after the lapse of twelve years, the sheriff ought not, under the circumstances of the case, to be made liable to an attachment.

*Russel*, in reply, observed, that there was no time fixed by law, within which a sheriff was to be called on to make a return to process ; and the object of the attachment was merely to bring up the sheriff to answer on oath, to such interrogatories as might be put to him.

*Per Curiam.* Take your rule.

Rule granted.