## Case No. 14,951.

### UNITED STATES v. DESMOND.

[39 Hunt, Mer. Mag. 332.]

Circuit Court, S. D. New York. April, 1858.

CUSTOMS—OBSTRUCTING OFFICER.

This was an indictment [against Timothy Desmond] for obstructing a custom-house officer in the discharge of his duty. It appeared from the evidence that the defendant was a gatekeeper on Pier No. 44, North river, at which the steamer Kangaroo was lying; that the custom-house officer, Mr. Munroe, was on board the ship, and, hearing a confusion at the gate, went there, and found the defendant refusing to allow parties in, whereupon he ordered him to open it, and, on his refusal, undertook to open it himself, and, in doing so, got hit on the head by the defendant with a stick.

Mr. Yoachimssen, for the United States.
Mr. Donohue, for defendant.

HALL, District Judge, thought this was hardly a part of Munroe's duty, as a custom-house officer, and the jury found a verdict of not guilty.

UNITED STATES v. DE SWATZ. See Case No. 13,680.

## Case No. 14,952.

### UNITED STATES v. DEVAUGHAN.

[3 Cranch, C. C. 84.] [1]

Circuit Court, District of Columbia. April Term, 1827.

JUROR—VOIR DIRE—DISQUALIFICATION—CONTEMPT.

1. The question which may be asked of a juror when called up to be sworn, is, "Have you formed and delivered any opinion as to the guilt of the prisoner?"

2. If a juror, after being summoned, voluntarily forms and delivers an opinion as to the guilt or innocence of the prisoner, with a view of disqualifying himself for serving on the jury at the trial, it is a contempt of court, inasmuch as it tends to the obstruction of justice.

[Cited in Re May, 1 Fed. 742; U. S. v. Anonymous, 21 Fed. 770.]

Indictment [against Jonathan Devaughan] for the murder of Tobias Martin, in the county of Washington; the cause having been removed to this county at the request of the prisoner.

A. C. Casanove, one of the venire, was asked by Mr. Hewitt, the prisoner's counsel, whether he had formed an opinion respecting the guilt of the prisoner.

CRANCH, Chief Judge, said he understood the proper question to be, whether he had formed and delivered an opinion as to the guilt of the prisoner upon this indictment; and the question was so put.

Mr. Casanove answered that he had. One of the judges asked whether he had so formed and delivered it since he was summoned on the venire. He answered in the affirmative. One of the judges then asked him whether he did so with a view to disqualify himself for serving on the jury. His answer was, yes, partly with that view, and certainly with a hope that it would have that effect.

THE COURT (nem. con.) thought that this conduct of Mr. Casanove, in thus disqualifying himself to serve on the jury, after he had been summoned, was a contempt of court, and ordered him to be fined $50 for the contempt.

CRANCH, Chief Judge, said, that A. C. Casanove, one of the jurors summoned upon this venire, having stated to the court, that since he was summoned as a juror in this cause, he has formed and delivered an opinion as to the guilt of the prisoner in this cause, partly with a view to disqualify himself for serving as a juror in the cause, and with the hope that it would have that effect, the court is of opinion that Mr. Casanove's conduct, in that respect, was a contempt of court, and that he be fined $50. That the court did not suppose Mr. Casanove intended any contempt to the judges personally, nor to the court simply as a court, but that as it tended to the obstruction of justice, the court deemed it necessary to take this notice of it, reserving to itself the right to mitigate the fine, or to rescind the order upon any proper representation which may hereafter be made by Mr. Casanove, upon the subject.

Mr. Casanove was then rejected as a juror. Several of the other jurors, having formed and delivered opinions against the prisoner before they were summoned, were discharged.

The case of U. S. v. Burr [Case No. 14,-694], was cited, in which case it appears that the question put to the jurors was, whether they had formed and delivered an opinion, &c.

The evidence was very clear against the prisoner. He was convicted; sentenced, on the 5th of May, 1827, to be hung on the last Wednesday in June, and executed in the county of Alexandria.

UNITED STATES (DE VILLEMONT'S HEIRS v.). See Case No. 3,839.

[1] [Reported by Hon. William Cranch, Chief Judge.]