## Case No. 14,739.

### UNITED STATES v. CARTER.

[2 Cranch, C. C. 243.][1]

Circuit Court, District of Columbia. May Term, 1821.

FORGERY—UTTERING—DELIVERY OF SEALED LETTER—KNOWLEDGE OF CONTENTS—ORDER FOR MONEY.

1. If a person, knowing the contents of a forged letter, and with intent to obtain money thereupon, deliver it, although sealed, to the clerk of the person to whom it is addressed, and whom he supposes to be authorized to open it, this is evidence of uttering it.

[Cited in brief in Smith v. State, 20 Neb. 284, 29 N. W. 924.]

2. The act of knowingly uttering as true a false and forged letter, requesting the person to whom it is addressed to pay to the bearer a sum of money, with intent to defraud any person, is an offence at common law.

The grand jury found two indictments against the prisoner [Jesse Carter] at common law. 1st, for knowingly uttering as true a false and forged letter purporting to be from T. Bayley, and addressed to Mr. Jonah Thompson, requesting him to pay to the prisoner $400, with intent to defraud Mr. Thompson. There was another count charging the same as being done with intent to defraud Mr. Bayley. The 2d indictment was for uttering a similar letter purporting to be from Israel Janney, and addressed to John Janney, requesting him to pay money to one John Preston.

Mr. Swann, contra, cited Ward's Case, 2 Ld. Raym. 1461; Com. v. Searle, 2 Bin. 332; Savage's Case, Styles, 12.

THE COURT (THRUSTON, Circuit Judge, absent.) overruled the motion, and entered the judgment.

## Case No. 14,740.

### UNITED STATES v. CARTER.

[3 Cranch, C. C. 423.][1]

Circuit Court, District of Columbia. April Term, 1829.

CONTEMPT—THREATENING WITNESS IN PRESENCE OF COURT.

1. It is a contempt of court in an acquitted female prisoner to threaten vengeance, in the presence of the court, against the witnesses; and the court will fine her, and order her to give security for good behavior.

2. A contempt in the piazza of the court house, into which the windows of the court room open, is a contempt in the presence of the court.

[Cited in U. S. v. Anon., 21 Fed. 770.]

Indictment for larceny. Verdict, "Not guilty."

Clara Selden and Mary Stuart, who were witnesses in the cause, made affidavit, that while in the piazza of the court room, immediately after the verdict, the prisoner [Louisa Carter], retiring from the court, spoke certain opprobrious words, (which were stated in the affidavit,) and threatened one of them that she would give her her dose, and that she would be revenged of them both; that the prisoner is a violent tempered woman, and that they are really afraid that she will do them some personal and bodily injury.

Mr. Swann, the district attorney, thereupon moved for an attachment of contempt.

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by Hon. William Cranch, Chief Judge.]

Mr. Hewitt, for the prisoner, objected.

THE COURT, (THRUSTON, Circuit Judge, absent,) considering it as a contempt in the presence of the court, it being within the possibility of the hearing of the court, and in the piazza immediately adjoining the court room, (the windows of which opened into the piazza,) ordered the attachment without a previous rule to show cause. And upon being brought in upon the attachment, and having, upon interrogatories, confessed the said threats, and repeated them in the face of the court, and avowed her determination to carry them into effect,

THE COURT fined her one dollar, and ordered her to give security for her good behavior in 100 dollars, and in default thereof committed her to prison until, &c.