Robinson *v.* Harlan.

JEFFREY ROBINSON, appellant *v.* JAMES D. HARLAN, appellee.

*Appeal from Wayne.*

It cannot be denied that a constable is liable where he has wilfully neglected or refused to execute lawful process issued upon a judgment rendered by a justice of the peace, in a case where he had jurisdiction of the subject matter litigated; but to enforce this liability, it is not only necessary for the declaration to allege generally that the magistrate had jurisdiction, but it should set out specifically the kind of action, and extent of the plaintiff's claim, in order to show to the Court that the justice had jurisdiction.

A justice's court is one of limited jurisdiction; the statute is the charter of its authority; and whenever it assumes jurisdiction in a case not conferred by the statute, its acts are null and void, and the officer obeying its process in such a case, makes himself liable. But if the Court has jurisdiction, the officer is not bound to enquire farther, its process is sufficient authority to him.

THIS cause was tried in the Court below, at the September term, 1835, before the Hon. Alex. F. Grant, and judgment rendered for the defendant. The plaintiff appealed to this Court.

J. PEARSON, for the appellant, cited Cowen's Justice 663, 665; R. L. 351; Breese 284; 2 Tidd's Pract. 1030, 1031, 1061, 1065, 1067, 1036, 1032; Bac. Abr. title *D;* 4 Ohio R. 136; Conover's Dig. 275.

O. B. FICKLIN, for the appellee.

WILSON, Chief Justice, delivered the opinion of the Court:

This was an action of *trespass on the case,* brought by Robinson against Harlan, as constable, for neglecting and refusing to execute process issued by a justice of the peace, upon a judgment rendered by the justice in favor of the plaintiff, against John B. Gash. The declaration alleges that the judgment was rendered, and an execution first issued and put into the hands of Harlan, as constable, upon which he returned "no property found;" after which a *capias* was issued and returned by Harlan "not found." It then charges that upon the execution the constable might have made the money, and that with the capias he might have taken the body of Gash, but that he refused and neglected to do either, to the damage of the plaintiff $200. To this declaration the defendant interposed a demurrer, which was sustained by the Court.

It cannot be denied that a constable is liable where he has wilfully neglected or refused to execute lawful process issued upon a judgment rendered by a justice in a case where he had jurisdiction of the subject matter litigated; but to enforce this liability, it is not only necessary for the declaration to allege generally that the magistrate had jurisdicton, but it should set

out specifically the kind of action, and extent of the plaintiff's claim, in order to show to the Court that the justice had jurisdiction.

The declaration in this case is essentially defective in this respect; it does not set out the cause of action, or contain even a general allegation of the justice's jurisdiction. The reason of this rule is obvious. By adverting to the organization and powers of a justice's court, it will be perceived that it is one of limited jurisdiction. The statute is the charter of its authority; and whenever it assumes jurisdiction in a case not conferred by the statute, its acts are null and void, and the officer obeying its process in such a case, makes himself liable. It is therefore incumbent upon a ministerial officer to look to the jurisdiction of the court, but he is bound to look no farther. Its process is a sufficient warrant to him for what it may command, however erroneous the judgment upon which it issued, provided it did not exceed the limits of its jurisdiction as to the subject matter of adjudication.

For any thing that appears from the plaintiff's declaration in this case, the action before the justice may have been for slander, or some other matter not cognizable before a justice, and if so, the constable was not bound to execute the execution or capias. The defendant's demurrer to the plaintiff's declaration, was therefore properly sustained by the Circuit Court, and the judgment is affirmed with costs.

*Judgment affirmed.*

*Note.* See the case of Brother *et al. v.* Cannon, *Ante* 200.