## Case No. 12,833.

### SICKELS v. BORDEN et al.

[4 Blatchf. 14.] [1]

Circuit Court, S. D. New York. April 14, 1857.

INJUNCTION — VIOLATION — WHAT CONSTITUTES — ATTACHMENT — WHO LIABLE — EMPLOYEE.

1. Semble, that, in order to attach for the breach of an injunction restraining the infringement of a patent, the party to be proceeded against must be a party to the suit, and have had notice of the application for the injunction.

2. What constitutes the violation of an injunction, considered.

3. If an injunction is made broader in its scope than was intended by the order under which it was issued, the defendant should, on being served with it, take immediate measures to set it aside for that reason, and not wait, to raise the objection, until the hearing of a motion for an attachment for a violation of the injunction.

4. Where the chief engineer of a steamboat, owned and run by a foreign corporation between a port in New York and a port in Rhode Island, violated an injunction served upon him as a defendant in a suit: Held, that it was no defence to a motion for an attachment against him for such violation, that he was a mere servant of the corporation and subject to the orders of the master of the steamboat.

This was a motion [by William B. Sickels] for an attachment for the violation of an injunction restraining the defendants [William Borden and others] from using "a certain improvement in the cut-off, patented to Frederick E. Sickels by letters patent [No. 4,199] dated September 19th, 1845," "by themselves, their agents, servants, workmen or employees" "on the steamer Metropolis, running on the Sound between New York and Fall River." The injunction was issued under an order made by Mr. Justice Nelson, authorizing the issuing of an injunction "enjoining and restraining the defendants, their agents, workmen and employees, from using or permitting to be used, on the engine of the steamer Metropolis, a certain improvement in the mode of tripping cut-off valves, patented by Frederick E. Sickels on the 19th day of September, 1845, whereby the extent of the cut-off on said engine is regulated by means of a motion at right angles, or nearly so, to the valve-motion of the engine, through the agency of a vibrating sector, with arms moving coincident with the motion of the piston, or nearly so, as the same is now in use on said engine." [See Case No. 12,832.] It was contended by the counsel opposing the motion, that the injunction was broader than the order; that the attachment could have no operation beyond the terms of the order; that, by the terms of the order, the injunction was limited to the use of the adjustable feature of the invention referred to; and that, the defendants not having used that portion of the patented invention, no attachment for a breach of the injunction should

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

be issued. The motion was for an attachment against William Borden, William H. Brown, Augustus Sturgis, and Horatio Allen, the first three being, with the Bay State Steamboat Company, the defendants in the suit. The marshal's return stated that the injunction was personally served on the defendants Borden, Brown and Sturgis, on the 29th of November, 1856.

A notice of a motion for an attachment, dated December 2d, 1856, and a copy of an affidavit of Henry Mason, were served on Horatio Allen on the 3d of December, and on William H. Brown, William Borden and Augustus Sturgis, on the 4th of December. The affidavit of Mason stated that he was an engineer; that he went to Fall River on the Metropolis, on Saturday night the 29th of November, and observed the operation of the engine of the boat; that the valves were operated, on that trip, in the same manner as before the injunction was served, cutting off at about half stroke, by means of a sector, with arms or wipers moving as before, independent of the lifters; that the only change made was in substituting for the screw, which gave the adjustable feature, a smooth rod with collars; and that Sturgis, the engineer of the boat, informed him that Horatio Allen had made the change on the boat. A notice of the renewal of the motion on the 26th of December, was served on Borden, Allen, Brown and Sturgis, on the 23d of December, and gave notice of the use of the affidavit of Mason. That affidavit was the only proof produced on the part of the plaintiff [William B. Sickels] to show a violation of the injunction.

In opposition to the motion, the counsel for Allen, Borden, Sturgis and Brown read the affidavits of Allen, Sturgis and Borden, and the affidavit of one John Fuerst. The affidavit of Allen showed that he was not in court when any injunction was ordered, and that he had never been served with any order or injunction in the case, or with any copy or notice of any such order or injunction. It also stated, that he prepared a plan for the change of the valve-gear of the engine of the Metropolis, under a request to alter such valve-gear so as to prevent its continuing to be an infringement of the Sickels patent; that such plan was submitted to the counsel who defended the suit at law which preceded this suit in equity; that said counsel advised that, when the proposed alterations were made, the valve-gear would not be an infringement upon Sickels' patent; and that the proposed alterations were accordingly made. It also stated, that such alterations entirely stripped the valve-gear of its adjustable feature. The affidavit of Sturgis stated that he was the chief engineer of the Metropolis; that he had not, since the service of the injunction, run the engine with the adjustable feature, but that the engine was altered before the injunction was served; and that he had, ever since such

alteration, been, and was now, compelled to use the throttle-valve to regulate the running of the engine. The affidavit of Borden showed, that he was not the owner or charterer of the Metropolis; that he was not in possession of the boat, and was not the manager of it, except under instructions from the corporation owning it; that he did not now run the said boat or control her management; that he did not now use, and never had used, the plaintiff's invention on the Metropolis, or on any other boat; that he had not, since the order for the injunction was made, or before, run or used, or caused to be run or used, the engine of the Metropolis; and that he had no control over the use of the engine. The affidavit of Fuerst showed the alteration of the engine. No affidavit of Brown was produced. He was mentioned by the counsel on both sides, during the argument, as the master of the Metropolis; but this was not shown by the affidavits produced, nor did it appear that Brown was on the Metropolis, or had anything to do with her running, at the time of the alleged violation of the injunction.

Edward N. Dickerson, for plaintiff.
Francis B. Cutting, for defendants.

HALL, District Judge. The injunction issued and served in this cause is directed to the defendants alone, and, by its terms, restrains them, and them alone, from using "a certain improvement in the cut-off, patented by Frederick E. Sickels, by letters patent dated September 19th, 1845," "on the steamer Metropolis, running on the Sound, between New York and Fall River." There is nothing upon the face of the injunction, by which its operation or restraint can be extended beyond the precise limits indicated, and it is, therefore, the "use" only that is restrained, and that use on the steamer Metropolis.

If the injunction had been properly served on Allen, and had been directed to the servants, agents, workmen and employees of the defendants, and had, in terms, restrained such servants, agents, workmen and employees, the very serious question would have been presented, whether persons not parties to the bill could be restrained, under such a general designation, by an injunction issued upon notice only to the parties to the suit. The act of congress requires notice of an application for an injunction; and I am very strongly inclined to the opinion, that, in order to attach for the breach of an injunction, the party to be proceeded against must be a party to the suit, and have had notice of the application for the injunction. But it is unnecessary to determine this question upon the present motion. There is not the slightest proof that Allen has ever used upon the Metropolis the invention referred to in the injunction; but it is sought to attach him because, prior to the use complained of, he made an alteration in the engine of the

steamer. That alteration did not make the engine any more an infringement of the patent. On the contrary, it took away the adjustable feature, by which "the extent of the cut-off can be regulated at pleasure, during the action of the engine, from the full to the least portion of the stroke," which was specifically claimed as a part of Sickels' invention. It was, therefore, a less extensive and less injurious infringement, to use the engine after the change, than before; and certainly the change can afford no ground for an attachment against Allen. It is not shown that he has used the engine before or since the change; and, therefore, even if he had been named as a defendant, and been served with the injunction, no attachment could be issued against him, upon the proof now before the court. The motion, as against Allen, is, therefore, denied.

There is no proof that the defendant Borden has violated the injunction. It is not shown that he has used the invention, or in any way run, used, managed or controlled the engine of the Metropolis, either personally, or by the agency or intervention of others. Indeed, such use, control and management are expressly and implicitly denied. The motion, as against Borden, is, therefore, denied.

There is no proof of the violation of the injunction by the defendant Brown. On the argument, the counsel on both sides spoke of him as the master of the Metropolis; but there is no proof that he was such master, or was on board of the Metropolis at the time of the alleged violation of the injunction, or that he has in any way used, or procured or directed the use of the invention of Sickels in or upon that steamer. It seems to have been assumed that I would take judicial notice that he was the master of the boat, and that I was to take it for granted that he was on board and acting as her master, and responsible for the use of her engine, on the 29th of November. This I cannot do. The motion, as against Brown, is, therefore, denied. I can, however, readily perceive that proof of the violation of the injunction may, perhaps, be made against Brown, and possibly against Borden; and I shall, therefore, give the plaintiff leave to renew the motion as against them, if he shall be so advised.

The evidence of violation against the defendant Sturgis is of a different character, though it must be admitted to be very slight. Mason swears to the use of the engine of the Metropolis on the night of the 29th of November, and describes the change which had been made, and which he says Sturgis, the engineer of the boat, informed him had been made by Allen. This conversation, it is fair to infer, was during this trip of the Metropolis, and, coupled with the statements made by Sturgis himself, in his own affidavit, in which he states that he was chief engineer on board of the Metropolis, which runs between New York and Fall River, and had been such since the boat was put upon the line, and that he had been and was compelled, since the alteration of the engine, to use the throttle-valve, to regulate the running of the engine, shows, I think, that he was running the engine on the Metropolis on the 29th of November, and that he has run it at other times, and has, therefore, used the valve-gear in its modified form, since the service of the injunction. It, therefore, becomes necessary to consider whether such use was a violation of the injunction.

The injunction restrains the use of the improvement patented to Sickels September 19th, 1845. It is possible that the injunction is broader, in this respect, than Mr. Justice Nelson intended it should be, but this does not appear conclusively, upon a comparison of the order with the injunction. The patent embraces two claims or inventions—the first and most important being that by which the drop-valve of the cut-off is tripped by a motion independent of the lifters; and the second being the adjustable feature, by means of which the extent of the cut-off can be regulated at pleasure, during the action of the engine. It is claimed that Mr. Justice Nelson intended that the use of this adjustable feature alone should be restrained by the injunction to be issued in pursuance of such order. There is certainly some force in the suggestion, looking to the terms of the order and the language of the patent. But, if the injunction was too broad, the defendants should, when served with it, on the 29th of November last, have taken measures immediately to set it aside for that reason. They did not do so, and they had not done so when this motion was argued; and I am, therefore, inclined to hold, that the injunction covers both of the devices patented, and must be held valid and effectual to the extent of the language employed to indicate the restraints imposed. The use of the engine after the alteration was, therefore, a violation of the injunction.

But it is claimed that the defendant Sturgis was a mere engineer, having no interest in or control over the vessel, and that he cannot be punished for a violation of the injunction. It was said, arguendo, that it would not do to punish by attachment the hands and firemen, the mere servants of the owners of the boat, who were subject to the orders of the master, and to punishment for disobedience if they refused to aid in the navigation and use of the vessel. I see no weight in these objections, as applied to this particular case. Both the master and the engineer, as the agents and servants of the foreign corporation defendant, are parties to this suit; and Sturgis is admitted to be the chief engineer, and the officer having the principal charge, management and control of the engine whose use constitutes the infringement. For the purpose of enjoining him, as the agent and acting officer of a foreign corporation, he

was properly made a party to the suit; and neither his agency, nor his relationship to the master or to the vessel, affords, in my judgment, any excuse for a violation of the injunction. A bailable attachment must, therefore, issue against him, to bring him before the court, to answer for the alleged breach of the injunction.

[For other cases involving this patent, see note to Sickels v. Mitchell, Case No. 12,835.]