## Case No. 2,468.

CARSTAEDT v. UNITED STATES CORSET CO.

[13 Blatchf. 371;[1] 2 Ban. & A. 331; 10 O. G. 3.]

Circuit Court, S. D. New York. June 6, 1876.

PATENTS — "TAKE-UP MECHANISM FOR LOOMS"— INFRINGEMENT—VIOLATION OF INJUNCTION.

1. The second claim of reissued letters patent granted to Hugo Carsteadt, November 19th, 1872, for an "improvement in take-up mechanism for looms for weaving irregular fabrics," namely: "The needles or points k, k, fixed in a stationary bar, and arranged as specified, so that the fabric, being drawn by the take-up proper, is continually carried across the needles, to be received by their points, and to be arrested when a reverse movement of any part of said fabric is commenced, substantially as herein set forth," is infringed by a mechanism wherein, instead of needles fixed in a stationary bar, there are small independent needle rollers, mounted on a fixed shaft, each roller rotating in the direction of the cloth when the cloth moves forward, but being prevented from moving backward when the tension of the take-up is relaxed, and then becoming stationary, and arresting the fabric and preventing it from being drawn back. Although the new arrangement may be better, and may perform an additional service, it yet performs the same office as the patented device, by the same mechanical means.

2. Where a party was convicted of a contempt in violating an injunction, but it appeared that he acted under competent advice, and had no intention of disobeying the order of the court, no fine was imposed, but he was ordered to pay the costs of the application and of the affidavits.

[In equity. Bill by Hugo Carstaedt to restrain infringement of letters patent No. 88,365, reissued and numbered 5,150. An injunction was granted (see Case No. 2,467); and plaintiff now moves to attach James Lyall, one of the officers of the defendant company, as for a contempt in violating said injunction.]

John Van Santvoord, for plaintiff.
George Gifford, for defendant.

SHIPMAN, District Judge. This court passed a decree on September 10th, 1875 [Case No. 2,467], enjoining the United States Corset Company from further infringement of the second claim of re-issued letters patent granted to the plaintiff on November 19th, 1872, for an "improvement in take-up mechanism for looms for weaving irregular fabrics." The plaintiff has now brought a motion for an attachment against James Lyall, one of the officers of said company, for violating the injunction which was issued upon said decree.

The portion of the patented improvement which is referred to in the second claim consists, as stated in the specification, "in a series of needles or points arranged upon

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

a stationary bar, in such relation to the take-up rollers, that the fabric is continually carried across said needles, to be received by their points, and to be arrested when a reverse motion of any part of the fabric is commenced." The mechanism is thus described: "K is a cross-bar immediately behind the roller C, and provided with a series of needles, k, k, in its lower edge, which catch in the goods and prevent its being drawn backwards under any circumstances, when the take-up mechanism releases it." The second claim is for "the needles or points k, k, fixed in a stationary bar, K, and arranged as specified, so that the fabric, being drawn by the take-up proper, is continually carried across the needles, to be received by their points, and to be arrested when a reverse movement of . any part of said fabric is commenced, substantially as herein set forth." The result of this improvement, which it is said in the opinion of the court upon the final hearing, was "the arresting of the fabric when it is released from the tension of the take-up, and so holding the cloth that it is prevented from doubling up in the centre," was previously unattained in corset weaving.

The defendants have modified their needle-bar, since the injunction was issued, so that it now consists of a number of small independent needle rollers, mounted upon a fixed shaft, which runs across the width of the cloth, in the same position and relation to the take-up which the shaft had before. Each of these rollers rotates forward towards the take-up, or in the direction of the cloth, when the cloth is being moved forward and taken up by the take-up mechanism, but the rollers are prevented from moving backward, when the reed recedes and the tension of the take-up is relaxed, by a ratchet and pawl applied to each roller. Each roller then becomes stationary, arrests the fabric when a reverse movement has commenced, and prevents the cloth from being drawn back when the take-up mechanism has released it. When the reed moves forward and delivers its blow, the cloth is easily pulled over the rotating rollers by the take-up; when the reed goes backward, the rollers are fastened by the ratchet and pawl, become stationary, catch the cloth upon the needle points, and hold it so that it will not double up. It is contended, that such a needle-bar is not a stationary bar and, therefore, is not embraced within the second claim of the patent. It is a rotating bar when a stationary bar is not needed, but, when one is needed, it is the same stationary bar which was previously upon both plaintiff's and defendants' machines, and accomplishes the same practical result, that of arresting and holding the cloth. The needle points of the former needle-bar were inclined towards

the take-up, so that, when the cloth was moving forward, it was carried across the needles, and, when it was released from the take-up, the cloth was arrested upon the needle points. The new roller of the defendants, when it is rotating in one direction, permits the cloth to go forward without detention, but, when a reverse action commences, the roller immediately becomes stationary, and the needle points catch and hold the cloth precisely as the old stationary bar accomplished the result. Neither bar assists the take-up mechanism in pulling forward or taking up the cloth, in any material degree, and the roller of the defendants becomes a stationary bar whenever stability is required.

The rotating character of the new needle-bar is said to be an improvement upon the plaintiff's fixed bar. I think that this is true, and that the revolution of the roller with the forward movement of the cloth avoids any danger of the cloth being caught upon the needle points, as it is drawn forward. But, the fact that the new bar is a better one than the plaintiff's, or even performs a service which the plaintiff's bar does not perform, does not prevent the new device from being an infringement; it performs the same office which the old device performed, by the same mechanical means. An infringing device is not protected by the fact that, although the device "was an equivalent of the patented device, in all its functions, and in its construction and mode of operation, yet, by other or additional features, it possessed other and further useful functions. Such a device would, perhaps, be an improvement upon the patented device, but must be, nevertheless, deemed an appropriation of the former." Sarven v. Hall [Case No. 12,369].

My conclusion is, that the new needle-bar is an ingenious attempt to escape from the second claim of the patent, and that the motion of the plaintiff must be granted. As the defendant acted under competent advice, and had no intention of disobeying the order of the court, no fine is imposed, but he is ordered to pay the costs of the application and of the affidavits.