---

## *In re* CARY.

*(District Court, S. D. New York. March 7, 1882.)*

1. CONTEMPT—OFFICERS, WHEN NOT CHARGEABLE.
   A sheriff or marshal, being indemnified to levy on specific property, should not be held chargeable with contempt upon an injunction order of dubious import of which he had no previous notice, and which referred to a judgment without date, and of different amount from that recited in his execution.

2. INJUNCTION—NOTICE TO BE SERVED ON PARTIES ENJOINED.
   Parties and their attorneys, who are at all times accessible to service, should be properly served with notice of an injunction order if it be designed to bind them.

3. SAME—NECESSITY OF PERSONAL SERVICE.
   The relaxation of the rule requiring personal service of an injunction in order to punish for contempt, extends no further than the exigencies of the case require to prevent a failure of justice, and does not dispense with the necessity of service where the parties are easily accessible.

4. Same—Motion to Hold in Contempt, when Denied.

Where an *ex parte* injunction in bankruptcy was obtained against a plaintiff, "his marshals, servants, and agents in charge of said execution," was served upon the marshal having the execution in charge, who thereupon returned the execution unsatisfied, and the injunction was never served upon the plaintiff or his attorney, though they were accessible daily; and six weeks afterwards an *alias* execution was issued by the clerk of the court, at the attorney's request, to another marshal, who levied thereunder, whereupon an order to show cause was obtained to punish for contempt the plaintiff, his attorney, and the last-named marshal, all of whom denied any notice or knowledge of the injunction until the service of the order to show cause, and a long litigation ensued, upon a reference to take proof of the facts, mostly occupied with the question of notice of the injunction:

*Held*, that the motion to hold in contempt should be denied, no excuse being shown for the want of service in the ordinary way, and that the court should refuse to entertain nice controversies of fact concerning indirect notice springing solely from laches in not making any service of the injunction order upon the parties sought to be held.

In Bankruptcy. Motion to punish for contempt.

*H. C. Beach*, for bankrupt.

*Philo Chase*, for Youmans and Prentiss.

*John C. Lang*, for Wagner.

Brown, D. J. Cary was adjudicated a bankrupt on April 17, 1878. On the sixth of January, 1881, a judgment for $45.72 was obtained against him by Youmans, in the third district court of this city, for an old claim of $36. This claim was one of several against various persons which Youmans had placed in the hands of Prentiss, an attorney, for collection on shares without expense to Youmans, and the judgment was obtained through Prentiss as attorney. Execution was issued thereon by the clerk of that court on the same day to Taylor, one of the city marshals, who thereupon went with the execution to a store where the bankrupt was employed by his brother, and levied on certain property. On the following day the bankrupt presented a petition to this court, and obtained an injunction order, for the subsequent alleged violation of which this proceeding was had.

The injunction order refers to the petition as "annexed," and directs that all proceedings under "a certain judgment recovered in the third judicial district court of the city of New York by one Edgar W. Youmans against said bankrupt for a certain debt set forth in his said petition, amounting to the sum of $36, and upon which said judgment execution appears to have been issued against the property and effects of said bankrupt, be stayed, and the said Edgar W. Youmans, his marshals, agents, and servants in charge of said writ of execu-

tion, be and they are, and every one of them is, hereby enjoined and restrained from making any levy upon or sale of the property and effects of said bankrupt until his application for discharge in bankruptcy by this court and now pending shall have been heard and determined, or the further order of the court." A certified copy of this order, not including the petition, was on the same day served upon Taylor, and no further proceedings were taken on the said execution, except that it was returned by the marshal "No property found. January 26, 1881." The injunction order was never served upon either Youmans or Prentiss, his attorney; and both deny emphatically all knowledge of it. On the tenth of February, 1881, Youmans sold and assigned his judgment to one Vonderschmidt, for whom Prentiss subsequently acted.

On February 21st, Prentiss requested the clerk of the court again to issue execution on the judgment, which he did, and delivered it to Wagner, another city marshal, for execution. The property in the store where the bankrupt was being claimed by his brother, Vonderschmidt, the assignee of the judgment, on February 23d, gave a bond of indemnity, with surety, to Wagner, the marshal, who on the 24th went to Cary's place and levied under the execution upon a quantity of clothes-hooks, the brother's property, and packed them in two packing cases, alleged to be the property of the bankrupt, and of the value of five dollars; and on February 25th removed them to an auction store for sale. The clothes-hooks were replevied in a suit brought by the bankrupt's brother against the marshal and Youmans, and that suit is still pending; the packing cases, the property of the bankrupt, of the alleged value of five dollars, have disappeared.

On the twenty-fifth of February a petition was presented to this court setting forth a part of the above facts only, asking for an order, which was granted on the 26th, to show cause why Youmans, Prentiss, and Wagner should not be punished for contempt in violating the injunction order of January 7th. A further application for restraining the sale of the goods levied on was denied, on the ground, as stated in the memorandum upon the papers, that "the goods being alleged not to belong to the bankrupt, an injunction as to them would be improper." The order to show cause was served upon the three respondents named, each of whom put in an affidavit denying any knowledge of the injunction until service of the order to show cause, upon which an order of reference to the register was made on May 4, 1881, to take proof of the facts; and upon his report, and all the papers in the case, the matter has been brought to a hearing.

It is to be regretted that so much time, both of the court and the parties, should be expended upon so trifling a matter. The claim that any essential principle is involved in it is dissipated by the ambiguous character of the injunction order itself, the entire want of service of it upon either of the respondents, and the doubt which still exists as to their knowledge of it—doubts which thus hang over every important element in the alleged contempt.

1. The enjoining part of the order of January 7th was not drawn in language exact enough or broad enough, if it were intended to enjoin Youmans, and all other persons, from any further proceedings upon any execution issued, or that might be issued, upon the judgment referred to. The only persons enjoined are the "said Edgar W. Youmans, his marshals, agents, and servants *in charge of said writ of execution*," and those persons, and no others, were enjoined "from making any levy upon or sale of said bankrupt's property." As it reads, its meaning and design would seem to be to stop further proceedings upon the execution then in the hands of Marshal Taylor. The order was served upon him alone. No attorney is named or referred to in the order; and, though both Prentiss, the attorney, and Youmans, the plaintiff, were all the time easily accessible, no attempt was made to serve or to notify either of them of the injunction. This confirms the apparent object of the order, as gathered from its language, viz., to restrain any levy or sale upon the execution then in the hands of Taylor. This injunction was obeyed by Marshal Taylor's return of that execution unsatisfied. There is nothing in this order which can apply in terms to Wagner, another marshal, to whom another execution was issued by the clerk of the court a month afterwards. He was never "in charge of the execution" referred to in the injunction order. Doubtless, the order might just as well have been drawn so as to restrain all proceedings by any person upon any other execution issued on the judgment; but it does not do so; and the failure either to express such an intention or to serve the order on Prentiss or Youmans, as would naturally have been done if there had been any such intention, leads me to the conclusion that such was not the actual design of the parties who obtained the order.

The act of March 2, 1831, (4 St. at Large, 487,) was designed to limit, and does limit, the power of the United States courts to punish for contempt to the specific cases therein named. That of disobedience "to any lawful order of the court" is the only one applicable here. *Ex parte Robinson*, 19 Wall. 505. To sustain proceedings

for contempt the order should be clear and certain in its terms, and as against a public officer, no doubt should exist whether it applied to him or embraced the acts complained of. *Weeks* v. *Smith,* 3 Abb. Pr. 211; *Whipple* v. *Hutchinson,* 4 Blatchf. 190; *Vose* v. *Trustees,* 2 Woods, 647.

2. The injunction order did not intelligibly recite the judgment referred to; the copy exhibited to Wagner referred to a petition "annexed" which was not annexed; and the copy of the order gave no date of the judgment, but referred to a judgment for $36. The execution recited a judgment of $45.72. The officer could not assume that the two judgments were the same. *In re Metcalf,* 46 Barb. 325, 329.

3. The property levied on was asserted by the bankrupt to be the property of his brother. Much of the controversy at the time of the levy related to that claim. The marshal was indemnified against it. As a last resort the injunction order was produced by the bankrupt, and shown, as he says, to the marshal, though the latter denies this, and it is not pretended that he had any previous knowledge of it. The circumstances were calculated to arouse the suspicion of the marshal upon these several claims. I think he was not required, being indemnified, to run the personal risk of having the goods spirited away, even if this dubious injunction order was exhibited to him, by forbearing from his levy, while he should endeavor to do the best he could to supply the defects of the injunction order by ascertaining whether it was intended to apply to him or to the judgment which he held.

4. As to Youmans and Prentiss the motion should be denied for additional reasons. The relaxation of the rule requiring personal service of an injunction order as the basis of proceedings for contempt, which is a well-settled ordinary rule, exists only in cases where it is necessary in order that the ends of justice should not be defeated. This relaxation is not designed to dispense in the slightest degree with the service of the order, or due notice of it to those who are designed to be bound by it, where such service may be easily procured in the ordinary course of legal proceedings. The cases in which it originated were those in which the party enjoined was personally in court and knew of the injunction order being directed, but violated it before it could be entered and served. *Skip* v. *Harwood,* 3 Atk. 564; *Cowell* v. *Collett,* 3 Atk. 567; *Hearn* v. *Tennant,* 14 Ves. 136; *Vassandan* v. *Rose,* 2 J. & W. 264; *Kimpton* v. *Eve,* 2 Ves. & Bea. 349; *McNeil* v. *Garratt,* 1 Cr. & Ph. 97; *Hull* v. *Thomas,* 3 Edw. Ch.

236; *People* v. *Brower*, 4 Paige, 405; *Haring* v. *Kauffman*, 2 Beas. 397; *In re Feeny*, 4 N. B. R. 233. In all these cases it either plainly appeared or was admitted that the persons proceeded against had full knowledge of the injunction, and either disobeyed it before the order was entered, or concealed themselves to evade service, or were out of the state where they were duly notified; and in several of the cases full notice of the injunction was given in writing, although there was no technical service of a copy of the order itself.

In the present case both Youmans and Prentiss, his attorney, were at their usual places of business during all the time from the granting of the *ex parte* order of injunction until the levy on the twenty-fifth of February, more than six weeks; yet no attempt was ever made either to serve them or to notify either of them of this injunction. Upon this hearing they both swear positively that the first knowledge they had of it was when the order to show cause for its violation was served upon them about February 28th. The evidence that Youmans had any knowledge of it is at best very indefinite and unsatisfactory. As regards Prentiss, there is some evidence of his knowledge of it through Taylor; but he swears that he did not read the order at the time it was handed him by Taylor, and lost it on his way to the office. If there had ever been any endeavors to serve or notify Youmans or Prentiss directly, such an alleged loss of the paper, though possible, would not be favorably considered. Nor can knowledge of an injunction order by an attorney be imputed to his principal, so as to sustain proceedings for contempt against the latter. *Satterlee* v. *De Comeau*, 7 Robt. 666; *In re Southside R. R.* 10 N. B. R. 274.

The moving papers also are defective as respects Youmans in not averring that he ever had either service or any knowledge of the injunction, in fact, or had ever done any act in known violation of it. This is a vital defect; Youmans has done nothing to waive this objection, and it is as available now as upon the return of the order to show cause.

But, in denying this motion as to them, I prefer to place my decision upon the broader ground that those who procure an *ex parte* injunction, and make no efforts to serve it upon the persons who they claim shall be bound by it, though they are easily accessible, are not entitled to proceed for contempt upon any accidental, doubtful, and disputed notice of the injunction alleged to have been conveyed indirectly only through other persons. Parties designed to be bound by an injunction have a right to expect service in the ordinary way,

if they are accessible; and if they are not so served, and no excuse for it appear, as to them the injunction should be deemed waived or as never in force.

In *James* v. *Downes*, 18 Ves. 522, 525, Lord Eldon says: "The court can never intend that the plaintiff, having obtained the order granting the injunction, is to lie by for four months as if it had not been granted. The court, interposing to assist the plaintiff, and prevent his losing the benefit of the process while he is actually pursuing it, cannot consider him entitled, under the order, for three or four months together;" and for the plaintiff's laches in that case in entering the order, though the defendant knew of the decision of the court, Lord Eldon dismissed the motion to punish the disobedience of it. In this case no reason existed for not observing the ordinary rule requiring service of the order upon Youmans and his attorney. In consequence of failure to do so, a long controversy has sprung up, occupied largely on the part of the bankrupt in endeavoring to prove knowledge of the injunction through indirect sources. His attorney has presented the matter with a zeal and care and thoroughness which, in a worthier subject, would deserve the highest praise; but, in my judgment, the court should refuse to entertain such close controversies of fact, concerning indirect notice, which arise solely through the laches of the parties in serving the original injunction order, and through the non-observance, without excuse, of the ordinary rule requiring personal service or notice of the injunction order, where practicable, in order to bring the party into contempt. *Whipple* v. *Hutchinson*, 4 Blatchf. 190; *Coddington* v. *Webb*, 4 Sandf, 639; 1 Daniell, Ch. Pr. (4th Ed.) 898, 1674.

On these grounds the petition and order to show cause are dismissed, with costs.

## NOTE.

CONTEMPT. A contempt is a wilful disregard, disturbance of, or disobedience to, the rules or orders of a judicial or legislative body;(a) and it may be committed either in the presence of the court or body, or in its absence. If committed in its presence, it is a direct contempt; and if committed by officers of the court elsewhere than directly in its presence, it may be considered done in the presence of the court;(b) but if done by others than officers of the court and beyond its actual presence, it is a constructive contempt.(c) The main distinction lies in the mode of redress. In the case of a direct contempt the court may punish summarily by a fine, or the alternative of imprisonment; but in case of a constructive contempt the party in contempt must be brought in by attachment, as final judgment thereon cannot be rendered without an opportunity for a hearing.(d) In either case it is in the nature of a criminal action,(e) a *quasi* crime *in rem*,(f) a specific criminal offence, and the imposition of a fine is a judgment in a criminal case,(g) which the court has no power to vary after expiration of the term,(h) nor is the proceeding reviewable on appeal.(i) When the offence is committed not in the presence of the court, it must be judicially established,(j) and the party can be arrested at any time when found within the jurisdiction of the court.(k) The attachment for a contempt is a criminal procedure,(l) in which the party must appear in person and not by attorney,(m) and he has no right to a trial by jury.(n) The party charged may be amerced or discharged;(o) whence it results that a commitment in contempt is a commitment in execution,(p) and the party committed cannot be bailed,(q) though the practice as to bail is otherwise in England,(r) owing probably to the prerogatives of the peerage. For disobedience of an order of court the party may be committed till he obeys;(s) and a witness refusing to answer

(a) Anderson v. Dunn, 6 Wheat. 204.

(b) People v. Wilson, 64 Ill. 195; Stuart v. People, 4 Ill. 395.

(c) Whitten v. State, 36 Ind. 196.

(d) Ex parte Kilgore, 3 Tex. Ct Ap. 247. See McConnell v. State, 46 Ind. 298; Whitten v. State, 36 Ind. 196; Ex parte Wiley, Id. 528.

(e) U. S. v. Wayne, Wall. Sr. 134; Ex parte Kearney, 7 Wheat. 38; Wilson v. State, 57 Ind. 71; People v. Craft, 7 Paige, 325; Whitten v. State, 36 Ind. 196; Crook v. People, 16 Ill. 534; Pitt v. Davison. 37 N. Y. 235; Crosby's Case, 3 Wils. 188.

(f) State v. Tipling, 1 Blackf. 317; Ex parte Smith, 28 Ind. 47; Clark v. People, 1 Breese, 266. See State v. People, 4 Ill. 395; People v. Turner, 1 Cal. 152; Ex parte Adams, 25 Miss. 883; Gorham v. Luckett, 6 B. Mon. 638; Watson v. Williams, 36 Miss. 331; In re Moore, 63 N. C. 397.

(g) Fischer v. Hayes, 6 Fed. Rep. 63; S. C. 102 U. S. 121; Ex parte Crittenden, 7 Pac. C. L. J. 483.

(h) Fischer v. Hayes, 6 Fed. Rep. 63; Ex parte Crittenden, 7 Pac. C L. J. 483

(i) Hayes v. Fischer, 102 U. S. 121; S. C. 6 Fed. Rep. 63.

(j) Anderson v. Knox County, 70 Ill. 65; In re Cooper, 32 Vt. 253; State v. Woodfin, 5 Ired. 199; Rex v. Almon, Wilmot, 253.

(k) Bowery Bank v. Richards, 3 Hun. 366.

(l) Hammell's Case, 9 Watts, 421; Cartwright's Case, 114 Mass. 230.

(m) People v. Wilson, 64 Ill. 195; Vertner v. Martin, 10 Smedes & M. 103; Ex parte Hamilton, 51 Ala. 66

(n) Hollingsworth v. Duane, Wall. Sr. 77. See Resp v. Oswald, 1 Dall. 319; State v. Doty, 32 N. J. L. 403; State v. Matthews, 37 N. H. 450; Patrick v. Warner, 4 Paige, 397; People v. Bennett, Id. 282; Neel v. State, 4 Eng. 259; Ex parte Grace, 12 Iowa, 208.

(o) State v. Tipling, 1 Blackf. 166; Matter of Stephens, 1 Ga. 584.

(p) Kearney's Case, 7 Wheat. 38; Crosby's Case. 3 Wils. 199.

(q) Ex parte Alexander, 2 Am. L. Reg. 44. See Crosby's Case, 3 Wils. 199.

(r) Rex v. Lord Preston, 1 Salk. 278; Rex v. Davis, 2 Salk. 608; Chamber's Case, Cro. Car. 133.

(s) Tome's Appeal, 50 Pa. St. 285; In re Mut. L. Ins. Co. 17 Bank. Reg. 368; Bridges v. Sheldon, 18 Blatchf. 507; Vose v. Trustees, etc., 2 Woods, 647; Ex parte Graham, 3 Wash. C. C. 456; Souter v La Crosse R. R. 1 Woolw. 80. See Fischer v. Hayes, 102 U. S 121; S. C. 6 Fed. Rep. 63; Taylor v. Moffett, 2 Blatchf. 305; Reg. v. Wilkinson, 41 Up. Can. Q. B. 44; Ex parte Jones, 13 Ves. Jr. 237;

may be committed till he answers.(t)    Where the court had no jurisdiction of the cause its order thereon is void, and disobedience to it is no contempt;(u) so it is no offence to refuse to answer in a proceeding before a justice who had no jurisdiction or right to subpœna a witness.(v)    If the fine be not paid the party may be committed to prison(w) till the fine is paid(x) at so much a day,(y) and the order need not recite the offence.(z)    The court may make a subsequent order fixing the amount of the fine,(a) and it may fine a corporation as well as its agents.(b)

In case of a contempt in the presence of the court, it may imprison, in its discretion,(c) or may commit the prisoner till the further order of the court;(d) but a judgment or order that the prisoner stand committed till further order of the court, for refusal to obey a previous order, is illegal and void;(e) so an order that he surrender books, etc., in his hands as receiver to his successor is void.(f)    Where imprisonment is designed only for a punishment, it should be certain and for a definite period.(g)    Courts may commit for a period beyond the term at which the contempt is committed,(h) which is a distinguishing feature between the power of courts and that of legislative bodies, whose powers cannot extend beyond the session.(i)    Every court has an inherent right to protect itself against a violation of its decency and propriety,(j) and an inherent power to punish for a contempt of its rules and orders;(k) but where they act only ministerially they have no such power.(l)    Justices of the peace, acting judicially, have the same power as courts of record.(m)

Contempts in the presence of the court, and which may be summarily dealt with, have their examples in the following instances: Any disrespect to the judge sitting in court, or any breach of order, decency, or decorum by any one

Tichborne v. Mostyn, Law Rep. 7 Eq. 55, n.; Reg. v. Castro, Law Rep. 9 Q. B. 219.  As for violation of an injunction: Sickels v. Borden, 4 Blatchf. 14; Goodyear v. Mullee, 5 Blatchf. 463; Muller v. Henry, 7 Law Rep. 772; S. C. 5 Sawy. 464; Carstaedt v. U. S. Corset Co. 13 Blatchf. 371; Worcester v. Truman, 1 McLean, 483.

(t) Lott v. Burrell, 2 Const. Ct. 167; People v. Fancher, 4 Thomp. & C. 467.

(u) People v. Sturtevant, 5 Seld. 263.  See People v. O'Neill, 47 Cal. 109; Rex v. Clement, 4 Barn. & Ald. 218; Sparks v. Martin, Vent. 1.

(v) In re Morton, 10 Mich. 208.  See Bear v. Cohen, 65 N. C. 511; Rutherford v. Holmes, 5 Hun. 317.

(w) People v. Bennett, 4 Paige, 282.

(x) Fischer v. Hayes, 102 U. S. 121; S. C. 6 Fed. Rep. 63; Ex parte Crittenden, 7 Pac. C. L. J. 483.

(y) Ex parte Crittenden, 7 Pac. C. L. J. 483.

(z) Fischer v. Hayes, 102 U. S. 121; S. C. 6 Fed. Rep. 63.

(a) Fischer v. Hayes, 102 U. S. 121; S. C. 6 Fed. Rep. 63.

(b) U. S. S. Express Co. v. Memphis & Little R. R. Co. 6 Fed. Rep. 237.

(c) Middlebrook v. State, 43 Conn. 257.

(d) Yates' Case, 4 Johns. 317; Williamson's Case, 26 Pa. St. 21; Tome's Appeal, 56 Pa. St. 285.  Contra, In re Alexander, 2 Am. L. Reg. 44; 9 R. I. 248.

(e) Hinckley v. Pirfenbrink, 96 Ill. 68.

(f) Hinckley v. Pirfenbrink, 96 Ill. 68.

(g) Buckley v. Com. 2 J. J. Marsh, 575; Com. v. Roberts, 2 Clark, (Pa.) 340; In re Crawford, 13 Adol. & E. 613; Rex v. James, 5 Barn. & Ald. 894; Hinckley v. Pirfenbrink, 96 Ill. 68.

(h) Ex parte Maulsby, 13 Md. 642.

(i) Anderson v. Dunn, 6 Wheat. 204; Ex parte Maulsby, 13 Md. 642; Ex parte Nugent, 7 Pa. L. J. 107; Reg. v. Paty, 2 Ld. Raym. 1105; Crosby's Case, 3 Wils. 204.

(j) State v. Tipton, 1 Blackf. 166; Kernodle v. Cason, 25 Ind. 362; Ex parte Smith, 28 Ind. 47; Redman v. State, Id. 205: Whitton v. State, 36 Ind. 196; Brown v. Brown, 4 Ind 627.

(k) See Desty, Crim. Law, § 73a, note 7, 73d; and for constructive contempts see Id. 73a, note 8.

(l) Clark v. People, 1 Breese, 266; Gorham v. Lockett, 6 B. Mon. 638; Ex parte Smith, 28 Ind. 47; and see People v. Turner, 1 Cal. 152; Watson v. Williams, 36 Miss. 331; In re Moore, 63 N. C. 397; Stuart v. People, 3 Scam. 395.

(m) Murphy v. Wilson, 46 Ind. 537; Brown v. People, 19 Ill. 613; Robinson v. Harlan. 2 Ill. 237; Tindall v. Meeker, Id. 137; Bowers v. Green, Id. 42.  See Rex v. Robinson, 2 Burr. 799; but see Rhinehart v. Lantz, 4 N. J. L. J. 235; Lampher v. Dewell, 9 N. W. Rep. 101.

present, or any assault made in view of the court, is a contempt punishable summarily;(*n*) as for violence or threats to a judge, justice, officer of a court, juror, witness, or party litigant in respect of any act or proceeding in court;(*o*) or any insulting or abusive language offered to a judge;(*p*) or unprofessional or disrespectful language used by an attorney before the court;(*q*) or calling another a liar in presence of the court and within hearing of the officers.(*r*)  So of contempts in the constructive presence of the court; as, after the judges had vacated the bench for a recess, defendant approached the chief justice, and, using abusive and vituperative language, he made a violent assault on the judge.(*s*)  Proposing to a juror to signal from the window of a jury-room how the jury stood with regard to the verdict, is a contempt;(*t*) or to strike a defendant in the lobby of the court after the trial;(*u*) or for an acquitted prisoner to threaten vengeance against witnesses within the precincts of the court;(*v*) or for arresting a party or witness while attending court, or for serving process on him in the presence, actual or constructive, of the court;(*w*) or for mustering a body of militia so near a court as to disturb its deliberations.(*x*)

Misconduct of inferior judges and magistrates, such as usurping jurisdiction, disobeying writs, disregarding adjudications of superior courts, and refusing to proceed on causes, are contempts of court.(*y*)  So disobedience to a peremptory *mandamus*, issued to an inferior officer or court, is a contempt;(*z*) but it is not a contempt of court for an officer to resign, to avoid obedience to a writ of *mandamus*, where he has an unrestricted right to resign.(*a*)

The disobedience or misconduct of the officers of the court are deemed to be done in the constructive presence of the court; so it is a contempt of court for an inferior officer to disobey the orders of the court.(*b*)  It is a contempt of court for an officer of the court to misbehave; as for a sheriff to be guilty of malpractice, (*c*) by not making return of a writ,(*d*) or by pocketing a venire;(*e*) or to refuse and be culpably negligent in collecting a debt in gold and silver coin,(*f*) or to make a levy after appointment of a receiver,(*g*) or to carelessly allow an escape;(*h*) or for a clerk of the court to fraudulently withhold

---

(*n*) State v. Tipton, 1 Blackf. 166; Brown v. Brown, 4 Ind. 627; Kernodle v. Kasson, 25 Ind. 362; Ex parte Smith, 23 Ind. 47; Redman v. State, Id. 205; Whitten v. State, 36 Ind. 196; Yates v. Lansing, 9 Johns. 395; Desty, Cr. Law, § 73a, note 2.

(*o*) Com. v. Feely, 2 Va. Cas. 1; Littler v. Thompson, 2 Beav. 129.

(*p*) Redman v. State, 28 Ind. 205; Androscoggin & K. R. Co. v. Androscoggin Bk. Co. 49 Me. 400; Charlton's Case, 2 Mylne & C. 316.

(*q*) Redman v. State, 28 Ind. 205; Brown v. Brown, 4 Ind. 627; Withers v. State, 36 Ala. 252.

(*r*) U. S. v. Emerson, 4 Cranch, C. C. 188.

(*s*) State v. Garland, 25 La. Ann. 532.

(*t*) State v. Doty, 32 N. J. L. 403.

(*u*) Rex v. Wigley, 31 Eng. C. L. 415.

(*v*) U. S. v. Carter, 3 Cranch, C. C. 423.

(*w*) Davis v. Sheeran, 1 Cranch, C. C. 287; U. S. v. Schofield, Id. 130; Blight v. Fisher, Pet. C. C. 41; Bridges v. Sheldon, 7 Fed. Rep. 19.

(*x*) State v. Coulter, Wright, 421; State v. Goff, Id. 78

(*y*) People v. Judges, 2 Caines, 97; Swift v. State, 63 Ind. 81.

(*z*) Ex parte Carnochan, T. U. P. Charl. 315. See State v. Hunt, Coxe, 287; Patchin v. Mayor of Brooklyn, 13 Wend. 661; State v. Smith, 7 Iowa, 334; U. S. v. Lee Co. 9 Int. Rev. Rec. 25.

(*a*) Watts v. Lauderdale Co. 14 Cent. Law J. 210.

(*b*) Swift v. State, 63 Ind. 91; The Laurens, Abb. Adm. 508.

(*c*) Ex parte Summers, 5 Ired. 149; State v. Williams, 2 Speers, 26.

(*d*) Brockway v. Wilber, 5 Johns. 356; U. S. v. Bollman, 1 Cranch, C. C. 373.

(*e*) Keppele v. Williams, 1 Dall. 29.

(*f*) Rice v. McClintock, Dudley, 354.

(*g*) Com. v. Young, 33 Leg. Int. 160.

(*h*) Craig v. Maltbie, 1 Ga. 544.

moneys belonging to an estate;(i) or for gross negligence on the part of a prothonotary of the court,(j) as for refusing to furnish copies of papers wanted on the trial;(k) or for embezzlement of funds by a receiver;(l) and so where a corporation is made a depository of the funds of the court.(m)    Jurors receiving a bribe to influence their verdict are guilty of a contempt;(n) or for conferring with a party to the suit during trial;(o) or voluntarily expressing an opinion as to the guilt of the prisoner, for the purpose of being excused for disqualification;(p) or for leaving the court-room without consent;(q) or after retiring to · hold a conversation with others than officers of the court.(r)

Attorneys are officers of the court, and can only be deprived of their offices by judgment of the court, after opportunity to be heard has been afforded;(s) but solicitors, by gross fraud and corruption, doing injustice to clients, or for other dishonest practices, may be guilty of contempt;(t) as for bringing an action in the name of another without his authorization or consent,(u) or for appearing and confessing judgment without authority.(v)    So an attorney is liable for unprofessional and disrespectful language before the court;(w) or for filing an indecent petition;(x) or for instituting a fictitious suit;(y) or for making use of a false instrument to prevent the course of justice;(z) or for suing out an attachment for a witness who has not been served with process.(a)    But an attorney refusing to defend a poor person, on appointment by the court, without a fee, is not a contempt;(b) nor is it a contempt to advise a client to escape if he cannot procure a continuance;(c) nor is reading an affidavit for a change of venue, on the ground of prejudice of the judge, a contempt.(d)

Others than officers of the court may be guilty of contempt; for all acts calculated to impede, embarrass, or obstruct courts of justice may be considered done in presence of the court;(e) as the refusal of a witness to be sworn from conscientious scruples;(f) or refusal to answer a proper question before a grand jury;(g) but not if in the assertion of a constitutional right.(h)    So a witness persisting in remaining in a court-room from which he has been excluded is a contempt;(ii) but it is not a contempt for a witness to leave the court when permitted by the party summoning him.(jj)    Any act which tends to impede

(i) State v. Tipton, 1 Blackf. 166; Connor v. Archer, 1 Speers, 89.

(j) Com. v. Snowden, 1 Brewst. 218.

(k) Delaney v. Regulators, 1 Yeates, 403.

(l) Cartwright's Case, 114 Mass. 230.   See Pitman's Case, 1 Curt. 186.

(m) In re Western, etc., Ins. Co. 38 Ill. 289.

(n) Harrison v. Rowan, 4 Wash. C. C. 32.

(o) In re May, 1 Fed. Rep. 737.

(p) U. S. v. Devaughan, 3 Cranch, C. C. 84.

(q) Ex parte Hill, 3 Cow. 355.

(r) State v. Helvenston, R. M. Charl. 48.

(s) Ex parte Garland, 4 Wall. 378; Ex parte Heyfron, 7 How. (Miss.) 127; Fletcher v. Daingerfield, 20 Cal. 427; Ex parte Bradley, 7 Wall. 364.

(t) Ex parte Pater, 5 Best & S. 299.

(u) Scott v. John, 15 Ala. 566; Butterworth v. Stagg. 2 Johns. Cas. 291.

(v) Denton v. Noyes, 6 Johns. 296.

(w) Brown v. Brown, 4 Ind. 627; Redman v. State, 28 Ind. 205; Withers v. State, 36 Ala. 252.

(x) Brown v. Brown, 4 Ind. 627.

(y) Lord v. Veazie, 8 How. 254; Smith v. Junction R. Co. 29 Ind. 546; Smith v. Brown, 3 Tex. 360.

(z) Rex v. Mawbey, 6 Term Rep. 619.

(a) Butler v. People, 2 Col. 495.

(b) Blythe v. State, 4 Ind. 525.

(c) Ingle v. State, 8 Blackf. 574.

(d) Ex parte Curtis, 3 Min. 274.

(e) People v. Wilson, 64 Ill. 195; Stuart v. People, 4 Ill. 395; Thompson v. Scott, 4 Dill. 506.

(f) Stansbury v. Marks, 2 Dall. 213; U. S. v. Coolidge, 2 Gall. 364; Bryan's Case, 1 Cranch, C. C. 151; Com. v. Roberts, 2 Pa. L. J. 340; Rex v. Preston, 1 Salk. 278.

the course of justice is a contempt; as participating in a rescue,(k) or an attempt by a master to remove his slave beyond the jurisdiction of the court pending a petition for his freedom,(l) or disobedience to an injunction; and every member of a corporation who joins is liable.(m)　So non-compliance with the terms of a master's sale is a contempt.(n)　So threatening the prosecutor of another with danger to his life is a contempt.(o)　Using any means to prevent a witness from attending is a contempt;(p) or for a witness or by-stander to communicate with the grand jury touching a complaint before them;(q) or procuring worthless bail and suborning perjury in connection;(r) or taking papers from the files of court and refusing to return them after order made;(s) or for a party, when books are submitted to his inspection, to break open parts sealed up and not relating to the subject of the action.(t)

A contempt may be committed by publication, by impugning the honesty or impartiality of the judge, or exciting public prejudice.(u)　So any public discussion which interferes with the course of justice is a contempt;(v) as a published article tending to degrade and scandalize the court, overawe its deliberation, and extort a decision;(w) as an attorney publishing strictures on the opinion of the court in order to prejudice the cause.(x)　Libellous publications relative to court proceedings, if calculated to embarrass the administration of justice;(y) as speaking disrespectfully of a grand jury, or publishing defamatory notices concerning them;(z) or publishing any matter tending to prejudice the minds of the jury;(a) or writing a letter to the grand jury to asperse their motives;(b) or to influence them;(c) or to write a letter to a judge, containing insulting language, concerning his decision;(d) or sending a fictitious letter, signed "summoning bailiff," to special jurors, falsely stating that the trial was put off, is a contempt of court.(e)—[ED.

(k) State v. Bergen, 1 Dutch. 209.

(l) Richard v. Van Meter, 3 Cranch, C. C. 214. See Thornton v. Davis, 4 Id. 500.

(m) Davis v. Mayor of N. Y. 1 Duer, 457; People v. Compton, Id. 512.

(n) Haig v. Commissioner, 1 Desauss. 112; Brasher v. Cortlandt, 2 Johns Ch. 505.

(o) Rex v. Hill, 2 Bl. 1110.

(p) Com. v. Feely, 2 Va. Cas. 1.

(q) Bergh's Case, 10 Abb. Pr. (N. S.) 266.

(r) In re Hirst, 9 Phila. 216; Hull v. L'Eplattimer, 49 How. Pr. 500.

(s) Barker v. Wilford, Kirby, 235.

(t) Dias v. Merle, 2 Paige, 494.

(u) Reg. v. Skipworth, 12 Cox, C. C. 371; Reg. v. De Castro, L. R. 9 Q. B. 230. See 1 Green, C. R. 121.

(v) Desty, Cr. L. § 73b, note 13.

(w) People v. Wilson, 64 Ill. 195. See Hollingsworth v. Duane, Wall. Sr. 77; Reg. v. Onslow, 12 Cox, C. C. 358.

(x) Matter of Darby, 3 Wheel. C. C. 1; Reg. v. Wilkinson, 41 Up. Can. Q. B. 42; Higginson's Case, 2 Atk. 469.

(y) State v. Morrill, 16 Ark. 384; Stuart v. People, 4 Ill. 405.

(z) Van Hook's Case, 3 City Hall Reg. 64; Matter of Spooner, 5 City Hall Reg. 109. See Storey v. People, 79 Ill. 45.

(a) Matter of Sturoc, 48 N. H. 428; 2 Ark. 409; Ex parte Jones, 13 Ves. Jr. 237.

(b) Bergh's Case, 10 Abb. Pr. (N. S.) 266.

