THE STATE
v.
TIPTON.

_Tuesday,
May 7._

---

### The STATE, on the Prosecution of LEAVENWORTH *v.* TIPTON, late Sheriff of *Harrison.*

If a sheriff be guilty of mal-practice in the discharge of his duty relative to an execution, the Court may, upon an attachment for the contempt, commit him to prison or amerce him; and then refuse to discharge him or remit the fine, unless he make satisfaction to the judgment creditor.

The adjudication of a Court of competent jurisdiction respecting contempts, is not subject to the review of any other Court.

_Tuesday,
May 7._

ERROR to the *Harrison* Circuit Court.—Upon the affidavit of *Leavenworth*, charging *Tipton*, late sheriff of *Harrison*, with fraud in not executing a capias ad satisfaciendum issued in *Leavenworth's* favour, the Court granted a rule calling upon *Tipton* to show cause why an attachment for contempt should not issue against him. On the expiration of the rule, no cause being shown, the attachment issued. Upon the return of the attachment, interrogatories were exhibited by order of the Court, and the same were answered by the defendant. The Court, after hearing the answers to the interrogatories, considered that the defendant had cleared himself of the alleged contempt, and accordingly made an order for his discharge.

BLACKFORD, J.—It is contended on the part of the prosecutor, who is the judgment creditor, that the Circuit Court committed an error, in setting aside the attachment and discharging the sheriff, before he had satisfied the execution, which, without any justification, he had failed to execute. There can be no doubt, that, had the Circuit Court, on the answer to interrogatories, been of opinion that the complaint of the prosecutor was well founded, they had authority to punish the sheriff for the

contempt by fine or imprisonment. Had they considered their officer guilty of such gross mal-practice, as to require his being compelled in this summary way to satisfy the judgment, they might, for the contempt, have committed him to prison, or heavily amerced him; and have then refused to discharge him, or remit the fine, until the judgment was satisfied. *Rex* v. *The Sheriff of Middlesex*, 1 H. Bl. 543. In the present case, the Court seem to have had no doubt of their authority on the subject, but to have been satisfied from the answer to interrogatories, that the sheriff had upon oath purged the contempt; and they accordingly discharged him from the attachment. It is the opinion of this Court, that in these cases we have no jurisdiction. Courts of record have exclusive control over charges for contempt; and their conviction or acquittal is final and conclusive. This great power is intrusted to these tribunals of justice, for the support and preservation of their respectability and independence; it has existed from the earliest period to which the annals of jurisprudence extend; and, except in a few cases of party violence, it has been sanctioned and established by the experience of ages. *Ld. Mayor of London's case*, 3 Wils. 188 (1).—Opinion of C. J. *Kent*, in the case of *Yates*, 4 Johns. R. 354.—*Johnston* v. *The Commonwealth*, 1 Bibb, 598.

It must be borne in mind, that this discharge of the sheriff by the Circuit Court, does not at all determine the question of his liability to the judgment creditor, for any neglect of duty in not serving the execution. By setting aside the attachment, the Court below only determine that the sheriff has, upon oath, purged the contempt. With that determination we can have no concern. Whether the Circuit Court has been treated with contempt or not, is for that Court alone to decide.

*Per Curiam.*—The writ of error is dismissed for want of jurisdiction (2).

*Nelson*, for the plaintiff.

*Dewey* and *Moore*, for the defendant.

(1) In this case, *Blackstone* J. says, "All Courts, by which I mean to include the two houses of parliament, and the Courts of *Westminster* Hall, can have no control in matters of contempt. The sole adjudication of contempts, and the punishment thereof, in any manner, belongs exclusively and without interfering, to each respective Court." This case is commented on, and its authority confirmed, by the Supreme Court of the *United States* in *Ex parte Kearney*, 7 Wheat. 38.

(2) In all cases where the cause is dismissed for want of jurisdiction, no costs are allowed. *Inglee* v. *Coolidge*, 2 Wheat. 368.—*Houston* v. *Moore*, 3 Wheat. 433.—*M'Iver et al.* v. *Wattles*, 9 Wheat. 650.