1834.

M'Credie
v.
Senior.

---

## M'CREDIE vs. E. & R. SENIOR.

Where a partner is enjoined, in general terms, from intermeddling with the property and effects of the firm, it is not a breach of the injunction for him to give a confession of judgment, for a debt bona fide due to a creditor of the firm, for the purpose of enabling such creditor to obtain a preference in payment, by levying upon the partnership effects.

No appeal lies from a mere initiatory order, as for an attachment to bring a party into court to answer for an alleged contempt; but if the order for an attachment contains a final determination, or adjudication, that the defendant is in contempt, he may appeal therefrom.

Where there are conflicting affidavits in relation to the alleged contempt, an attachment may be issued to bring the defendant into court, so that he may be examined on interrogatories as to the contempt, and to enable the complainant to compel the attendance of witnesses to prove the facts.

The order for an attachment, to bring the defendant into court to answer for a contempt, should not contain an adjudication of the court that he has been guilty of the contempt. It should merely direct the issuing of the attachment, or only declare, that it appears to the court there is probable cause for the issuing of an attachment, to bring the defendant before the court to answer as to the alleged contempt.

Upon an order for the defendant to show cause why he should not be punished for an alleged contempt, if he appears and denies the contempt, the proceedings must be, substantially, the same as upon the return of an attachment against him.

January 28.

APPEAL from an interlocutory order of the vice chancellor of the first circuit. The bill filed in this cause alleged that

the complainant and the defendants were partners in trade in the city of New-York; the business being carried on, ostensibly, by the complainant and E. Senior, and R. Senior being a secret partner. The complainant further alleged that the defendants had violated the partnership agreement by secretly removing a part of the effects of the firm from the store, and applying them to some private pecuniary transactions between themselves. He therefore prayed for a dissolution of the copartnership, and for an account of the partnership dealings and concerns; that a receiver might be appointed; and that an injunction might issue to restrain the defendants from removing any part of the property of the firm from the store occupied by the copartners, and from receiving or collecting the partnership debts. On the 8th of September, 1832, upon the filing of the bill, the vice chancellor made an order for the defendants to show cause, on the 17th of the same month, why an injunction should not be granted according to the prayer of the bill; and that in the mean time the defendants should be restrained and enjoined from intermeddling with the property and effects of the firm. A copy of this order was served on the defendants on the same day. On the tenth of the same month, the defendant, R. Senior, who denied that he was a partner or had any interest in the firm, acting as the agent of H. Glazebrook, of Glasgow, a creditor of the copartnership, employed an attorney to commence a suit against M'Credie and E. Senior, in the name of Glazebrook, to recover his debt. A suit was immediately commenced, by serving a declaration, under the statute. And the defendant, E. Senior, upon whom the declaration was served, employed an attorney to appear and give a cognovit for both of the defendants in that suit. Upon this cognovit a judgment was entered up the same day; and an execution was taken out, and the same was levied upon the goods of the firm. Another suit was commenced against the same parties, on the same day, by Robert and Alexander Carrick, who also claimed to be creditors of the firm; and a judgment and execution were obtained in that suit in the same manner. The complainant applied to the vice chancellor for an attachment, against the defendants in the suit in this court, for a contempt. Upon hearing the parties, the vice

1834.

M'Credie
v.
Senior.

chancellor made an order, declaring that the defendants had been and were guilty of a contempt of this court, in having disobeyed and violated the order made on the eighth of September, for a temporary injunction.´ And he directed an attachment to issue, to bring the defendants before the court, to answer for such contempt. From this order the defendants appealed to the chancellor.

*Hugh Maxwell,* for the complainant.

*D. B. Ogden & S. A. Foot,* for the defendants.

THE CHANCELLOR. If the proceedings of the plaintiffs in the several judgments at law against M'Credie and E. Senior, were irregular and unauthorized, as against M'Credie, his proper remedy was by an application to the supreme court to set aside the judgments, and the executions which had been issued thereon. And if the defendants in those judgments were the only members of the firm and the debts for which the judgments were confessed by E. Senior, for himself and his partner, were justly due, this court will not inquire whether he was legally authorized to employ an attorney to appear and give cognovits in the name of both members of the firm. The order of this court only inhibited the defendants from intermeddling with the copartnership property and effects. It did not prohibit the defendant, Edward Senior, from giving a preference to any bona fide creditor of the firm, by the confession of a judgment to him in behalf of the firm; provided he was authorized to do so by the practice of the court in which the suit at law was pending. Neither did it restrain Richard Senior from acting as the agent of any creditor of the firm, in the prosecution of a suit at law against the copartnership. Indeed the facts stated in the bill did not entitle the complainant to an injunction to restrain the creditors of the firm from proceeding at law to collect their just debts; or to restrain any member of the firm from confessing a judgment to such creditors, so as to give them a preference in payment. Such a proceeding therefore was neither a violation of the letter or the spirit of the order of the 8th of September; although the

1834.

M'Credie
v.
Senior.

creditors in whose favor the judgments were confessed were enabled thereby to levy upon the copartnership effects. But if the allegation of M'Credie is correct, that R. Senior was a partner, and that nothing was due to these creditors from the complainant and E. Senior only, there is reason to believe the whole proceeding on the part of the two Seniors has been collusive, with a view to evade the injunction, and to elude the justice of this court. In such a case they may be punished for a contempt, in the same manner as if they had violated the letter, as well as the spirit of the injunction, or prohibitory order of the court.

As the parties were at issue, by their affidavits, as to the main facts upon which the question as to the violation of the injunction depended, it was a proper case for the issuing of process to bring the defendants before the court ; so that the complainant could have the benefit of their examination upon interrogatories ; and could also have compulsory process to compel the attendance of witnesses before the court, or a master, to prove the contempt, if any had been committed. But there was not sufficient evidence before the vice chancellor, on which to found an adjudication or final decision that the defendants had been and were guilty of a contempt. Besides, it is not the practice of the court, upon an application for an attachment, to make a final adjudication as to the guilt of the accused. The order, in such a case, should direct the issuing of an attachment, without any other adjudication ; or should merely declare that it appears to the court that there is probable cause for issuing an attachment, that the defendant may be brought before the court to answer as to the alleged contempt. The statute has pointed out the mode of proceeding, to ascertain the guilt or innocence of the accused, upon the return of the attachment. (*See* 2 *R. S.* 537, § 19, 20.) Another mode of proceeding is by an order for the accused party to show cause why he should not be punished for the alleged contempt. In that case, upon the day appointed for showing cause, if the contempt is admitted, or no cause is shown why the accused should not be punished therefor, the court proceeds to award the punishment. But if the defendant appears, and denies the contempt, the court proceeds sub-

1834.

Franklin
v.
Keeler.

stantially in the same manner as on the return of an attach-ment. A reference may also be directed, in such cases, if necessary, to ascertain the facts. (2 *R. S.* 536, § 5.)

From a mere initiatory order, directing an attachment to issue for the purpose of bringing the accused before the court to answer interrogatories, no appeal lies; as the defendant is not injured until the court makes an order adjudging him to have been guilty of the contempt. (*Buel* v. *Street,* 9 *John. R.* 443.) And if this order had not contained an adjudication that the defendants had been guilty of a contempt, which adjudication the vice chancellor would have considered conclusive as to that fact upon the return of the attachment, I should have been disposed to dismiss this appeal. That part of the order being erroneous, it must be modified, by striking out the adjudication that the defendants have been guilty of the contempt, and substituting a declaration that it appears to the court that there is probable cause for issuing an attachment to bring the defendants into court, to answer and be examined on interrogatories relative to the alleged contempt.

Neither party is to have costs on this appeal; and the proceedings are to be remitted to the vice chancellor.