Mr. Justice Clayton
delivered the opinion of the court.
In March, 1845, a citation was issued from the probate court of Claiborne county, upon the application of W. H. Martin, administrator de bonis non of Mary A. Lacy, deceased, directing D. Vertner to appear at the next term of the court, to show cause why an attachment should not issue against him, for a contempt in failing to pay a sum of money, which he had been previously decreed to pay to the legal representatives of said Mary A. Lacy.
In obedience to the citation, Vertner appeared by attorney and pleaded, that a former citation had issued for the same subject-matter, upon the petition of the plaintiff, and that on the hearing thereof, the same had been dismissed by the court, and he pleaded the same in bar of this proceeding.
It is an unusual mode of practice, to permit a party charged with a contempt to put in a plea by attorney, without an ap *108 pearance in person • the regular mode is for him to answer interrogatories upon oath, so as to clear himself of the contempt. Tom. Law Die. tit. Att.; 1 Smith’s Ch. Prac. 168. ■
The -court, however, in this instance, acted upon the plea, the party having demurred to it, and directed a peremptory attachment to issue against the defendant. The dismissing the first citation, as stated in the plea, was no bar to a second for the same cause. It was only process intended to carry into effect the judgment of the probate court; and the quashing or the dismissing of final process, does not affect the judgment from which it emanates.
This showing, therefore, made by the plea, was not a sufficient answer, and the party was entitled to the attachment. In McCredie v. Settlor, 4 Paige, 381, the court say, “if the contempt be admitted, or no cause shown against it, the court proceeds to award the punishment.”
In this case there having been no sufficient cause shown, it was right to award the peremptory attachment.
The act of 1846, p. 145, recognizes this as the proper practice ; though we do not regard that act as introductive of a new remedy in this particular. That an attachment is an appropriate remedy in the probate court, was settled at an early day. Walk. Rep. 310. The fieri facias given by that act, is perhaps a new remedy.
The judgment is affirmed.