# DECISIONS

OF THE

# SUPREME COURT OF FLORIDA.

## JUNE TERM, A. D. 1883.

A. V. CARO, PETITIONER, VS. A. E. MAXWELL, JUDGE OF THE
CIRCUIT COURT, RESPONDENT.

An appeal does not lie from an order of the Circuit Court imposing
a fine for a contempt in violating an injunction ; nor will a man-
damus be granted to compel the approval of an appeal bond in
such a case.

This is an application to the Supreme Court for a man-
damus. The facts are as follows :

The petitioner states in his petition that he was served in
June, 1883, with a rule from the Circuit Court of Escam-
bia county, to show cause why he should not be punished
for contempt for disregarding an injunction issued by such
court; and after giving the proceedings on such rule states
that the Circuit Judge, after hearing the evidence and ar-
gument of counsel, adjudged him to be guilty of violating
the injunction and imposed on him a fine of one hundred
dollars and the costs. He further represents that he gave
notice of his intention to appeal to the Supreme Court and
the Circuit Judge fixed the amount of the appeal bond at

2

$200, and afterwards on his presenting the bond, signed by good and sufficient sureties, the Judge refused to approve it, and directed the Clerk of the Court not to approve it " upon the pretext and assumption that no appeal lies from the decision of the Circuit Court in such matters "; and he states he is confined in jail in consequence of this " arbitrary and unwarranted action " of the Judge, and prays a writ of mandamus to compel the Judge or Clerk to approve the bond and allow an appeal.

*Elliott, Tucker & Thompson* for Petitioner.

THE CHIEF-JUSTICE delivered the opinion of the court.

Application for a writ of mandamus to compel the Judge to approve an appeal bond in case of an appeal attempted to be taken by Caro, from an order adjudging him guilty of a contempt in violating an injunction issued by the court, and imposing a fine therefor.

An appeal will not lie in such case, as matters of contempt of the authority of a court are entirely within the province of the court adjudging the same, and not subject to be reviewed upon writ of error or appeal. Easton vs. The State, 39 Ala., 551 ; *Ex-parte* Summers, 5 Iredell, 149 ; The State vs. Tipton, 1 Blackf., 166 ; *Ex-parte* Kearney, 7 Wheat., 38; *Ex-parte* Stickney, 40 Ala., 160 ; Cossart vs. State, 14 Ark., 538 ; Bunch vs. State, 14 ib., 544 ; Ware vs. Robinson, 9 Cal., 107 ; Howard vs. Durand, 36 Ga.. 346 ; Hunter vs. State, 6 Ind., 423 ; First Cong. Ch. vs. Muscatine, 2 Iowa, 69 ; Bickley vs. Com., 1 J. J. Mar., 575 ; Turner vs. Com., 2 Met., (Ky.) 619 ; Watson vs. Thomas, 6 Litt., 248 ; People vs. Simonson, 9 Mich., 492 ; Romeyn vs. Caplis, 17 Mich., 449 ; State vs. Towle, 42 N. H., 540 ; Coryellvs. Holcombe, 9 N. J. Eq., 650 ; Johnston vs. Com., 1 Bibb, 598 ; Case of Yates, 4 Johns. R., 443 ; Buel vs.

Street, 9 Johns. R., 443; McCredie vs. Senior, 4 Paige, 378; People vs. Sturtevant, 9 N. Y., 263; State vs. Sheriff, 1 Mill., (S. C. Court,) 145; Martin's Case, 5 Yerger, 456; Casey vs. State, 25 Tex., 380; Vilas vs. Burtow, 27 Vt., 56; *In re* Cooper, 32 Vt., 253; *Ex-parte* Edwards, 11 Fla. Writ denied.