A. B. SANCHEZ, APPELLANT, VS. JULIA C. SANCHEZ, APPELLEE.

1. Alimony is defined, in its legal sense, to be that proportion of the husband's estate which is judicially allowed and allotted to a wife for her sustenance and livelihood during the period of their separation. Where a *prima facie* cause of action, or defence in divorce, appears, upon proper application the court will ordinarily grant such alimony and money for the expenses of the suit, not as of strict right in the wife, but as of sound judicial discretion.

2. In proceedings taken by the wife in an action by the husband for alimony and suit money, the husband should have due notice of the time and place of such application to the court, and an opportunity to oppose, and the record should show that such was the case.

3. The record affirmatively shows, that while the proceedings for such

order of allowance were taken before the Judge of the *Fourth* Circuit, who is alleged to have appointed a master, the cause being pending in the *Fifth* Circuit, it nowhere appears how, when, or by what means the Judge of the *Fourth* Circuit obtained jurisdiction. Nor does the name of such master appear in the record ; *Held,* That the record should affirmatively show that the jurisdiction of the Judge of the *Fourth* Circuit was acquired in compliance with Chapter 373, Laws 1851.

4. An order for alimony and suit money made on the application of the wife, where it does not appear by the record that the husband was duly notified of the motion, and had an opportunity of opposing, will be set aside.

5. All subsequent proceedings in such case, based upon such order so illegally made, as an order for an attachment as for contempt in not complying therewith, are void and of no effect.

Appeal from the Circuit Court for Levy county.

The facts of the case are stated in the opinion.

*Taylor & Sanchez* for Appellant.

MR. JUSTICE VANVALKENBURGH delivered the opinion of the court :

In May, 1882, the appellant, A. B. Sanchez, filed his bill in chancery, in the county of Levy, praying for a decree declaring the marriage between himself and the appellee, Julia C. Sanchez, dissolved, He charges that she, " in violation of her marriage vows has habitually indulged in a violent and ungovernable temper, so much so as to render the life of your orator intolerable and unbearable," &c. The appellee filed her demurrer, as well as a petition for alimony, and by which she prays that the complainant be required to pay a reasonable sum of money for her support and to pay her counsel fees and the expense of her defence. Affidavits supporting the allegations in the petition were filed, and the court, at chambers, on the 20th day of Jan-

uary, 1883, made an order as follows: "At Chambers, Gainesville, Alachua county, Florida. The above petition coming on to be heard, upon the reading and considering the same, and schedule and affidavits and testimony therewith submitted to the court, the petition is granted; and it is ordered by the court, the complainant and respondent, A. B. Sanchez, pay to the said petitioner the sum of five dollars per month for support, commencing the first of May, A. D. 1882, to the present time, and five dollars for each consecutive month until the further order of this court; and it is further ordered that respondent, A. B. Sanchez, do pay the petitioner or her duly authorized agent or attorney the sum of seventy-five dollars as attorney's fees, costs and disbursements for her defence in said cause pending in said court, and that the same be paid within twenty days from the date of this order."

On the 15th day of May, 1883, the Judge made the following order: "At Chambers, May 15th, 1883. It being made to appear to us that the foregoing order has not been complied with, it is hereby ordered that the said A. B. Sanchez be attached, and that a writ of attachment for a contempt of the court in not complying with said order, be issued against the said Sanchez, and that he be held in custody till the said order is complied with, or until the further order of this court."

Subsequently, and on the 24th day of May, 1883, the complainant, A. B. Sanchez, by his solicitors, moved the court to set aside and vacate the last mentioned order, authorizing the attachment and arrest of his person, and for his discharge from such arrest upon the following grounds:

1st. Because said order is in the nature of a rule absolute, as for a contempt of court, and was granted without notice to the said A. B. Sanchez, or to his attorneys, and without any opportunity being afforded to him to show

cause for his non-compliance with the previous order for the non-performance of which his person has been attached.

2d. Because the said A. B. Sanchez has been arrested and deprived of his liberty virtually for debt, and for the non-payment of a decree and judgment against him for money only.

3d. Because the decree or order of the Hon. Enoch J. Vann in said cause for the non-performance of which the said A. B. Sanchez has been arrested and held in custody, did not specify any particular or definite time in which said moneys therein adjudged to be paid, should be paid.

4th. And for divers other good causes to be shown to the court.

On the same day the court made the following order:

"At Chambers, May 24, 1883. The court having heard arguments of counsel of both parties in the suit on the foregoing motion and considered the same, and the affidavits filed in support and in opposition to the same, it is ordered that the said motion be refused."

From this judgment of the court the complainant brings his appeal, and assigns errors as follows:

1st. Because the decree of the court below is contrary to law and the rules of practice in a court of equity.

2d. Because the final decree in said cause is contrary to the evidence and the weight of evidence in said cause.

3d. Because the order of attachment and arrest granted on January 20, 1883, was in violation of the Constitution and laws of the State of Florida.

By the laws of this State divorces *a vinculo matrimonii* may be adjudged among other causes for extreme cruelty in either party, or for the habitual indulgence of violent and ungovernable temper. Such is the allegation in this bill filed by the husband aginst the wife. The wife answers,

and then by petition prays that the complainant be directed to pay a reasonable sum of money for her support, and also to pay her counsel fees, and the expense of her defence. Alimony, in its legal sense, " is defined to be that portion of the husband's estate which is judicially allowed and allotted to a wife, for her sustenance and livelihood during the period of their separation." Rogers vs. Vines, 6 Iredell, 293.

Upon a *prima facie* cause of action or defence appearing, the court will ordinarily grant such alimony, and money for the expenses of the suit, not as of strict right in the wife but as of sound judicial discretion.

In this case, however, the question is not as to the right of the wife to temporary alimony and suit money, but as to the question of the manner in which it was granted, and the mode taken by the court for its collection. The counsel for the complainant insists that the application for this alimony and suit money was entirely *ex parte*, was supported by an alleged inventory of the complainant's effects, real and personal, with an *ex parte* procured valuation, and also by some *ex parte* affidavits. That the complainant was not afforded any opportunity for answering or rebutting such application, but that on the 20th of January, 1883, the court rendered the decree as follows: " The above petition coming on to be heard, upon the reading and considering the same and schedules and affidavits and testimony therewith submitted to the court, the petition is granted, and it is ordered by the court, the complainant and respondent, A. B. Sanchez, pay to the said petitioner the sum of five dollars per month for support, commencing the first of May, A. D. 1882, to the present time, and five dollars for each consecutive month until the further order of this court; and it is further ordered that respondent, A. B. Sanchez, do pay to petitioner, or her duly authorized agent or attor-

ney, the sum of seventy-five dollars as attorney's fees, costs
and disbursements for her defence in said cause pending in
said court, and that the same be paid in twenty days from
the date of this order."

The petition for alimony, together with a schedule of
complainant's property amounting to $1,530, properly
sworn to by the respondent, was filed in the clerk's office
on the 2d day of May, 1882, together with an affidavit of
one S. Sheffield, proving the fact that the complainant
owned a homestead of the value of $800 or $1,000, four
horses of the value of some three hundred and fifty or four
hundred dollars, and other personal property of the value
of one or two hundred dollars ; and further that the de-
fendant was entirely destitute and without means of sup-
port or to make defence.   The appearance of the defendant
by her solicitor was entered on the 24th day of April, 1882,
and the answer was filed on the 5th day of June same year.
On the 3d day of July the complainant filed an answer to
the petition for alimony and suit costs.

In the record next following the foregoing papers is an
entry as follows :

" In the Matter of Julia C. Sanchez vs. A. B. Sanchez.—
     Petition for Suit Money and Support *pendente lite.*

" Under and by virtue of an order from the Hon: James
M. Baker, Judge of the Fourth Circuit, appointing me a
Master to take testimony in the above styled cause, a hear-
ing was begun and had this 18th day of November,
1882, the following witness was produced and sworn and
testified as follows :"

Then follows, written out, what purports to be the affida-
vits of Julia C. Sanchez, S. Sheffield, Jacob P. j    T.
Tillis and J. R. Sheffield. The jurats in neither of   pa-
pers are signed by any officer authorized to take affidavits;
nor is the report of the Master signed by any one.   The

papers were simply endorsed: "Filed in open court this 24th day of May, 1883, Thos. F. King, Judge." It nowhere appears in the record who was appointed Master by Hon. James M. Baker, Judge of the *Fourth* Circuit, nor how, or when, or by what means he obtained jurisdiction of a suit pending in the *Fifth* Circuit. Chapter 373, Laws 1851, provides for what reasons a Judge of one Circuit may perform the duties in another Circuit, and the record should affirmatively show that the jurisdiction was acquired in compliance with the provisions of the statute. It was on the " reading and considering " this *testimony* so introduced, which affidavits were not sworn to, together with the petition, schedule, affidavits and testimony, that the order of the 20th day of January granting alimony and suit money was made. There also seems to have been no appearance upon the part of A. B. Sanchez on either taking the evidence, or on the argument of the motion, and the record nowhere shows that he had notice of the appointment of any Master, the taking of testimony, or the order so made by the court. We are of the opinion that notice should have been given to Sanchez, not only of the appointment of the Master, but of the time of the taking of the testimony before him, and also of the motion for alimony, and that these facts should appear in the record. The first order, therefore, being erroneous, the second issued on the 15th day of May, directing that a " writ of attachment for a contempt of the court in not complying with said order, be issued against the said Sanchez and that he be held in custody till the said order is complied with," &c., is erroneous. Had it been based upon an order or decree duly and legally made, Sanchez, the complainant, had a right to notice and an opportunity to purge himself of the alleged contempt.

The costs will be taxed against the appellant. Wood

vs. Wood, 2 Page, 454; Word vs. Word, 29 Geo., 281; Finley vs. Finley, 9 Dana, 52; Bishop on Marriage and Divorce, sec. 365, note 6.

The decree of the court below must be reversed and the cause remanded.