ELECTA E. PALMER, APPELLANT, vs. FRANK H. PALMER, APPELLEE.

1. The purpose of a rule, issued in cases of contempt not committed in the presence of the court, for a person to show cause why he should not be attached for contempt is to give notice of, or an opportunity to be heard in, the contempt proceedings.

2. Where personal service of a rule to show cause in contempt proceedings cannot be made, the practice is to obtain a special order that service be made by leaving a copy at the party's last place of abode, or, it seems, in other ways.

3. A motion to dismiss an appeal on the ground that the appellant had been declared by the lower court to be in contempt for removing a part of the subject of litigation from the jurisdiction of that court, and of continuing in contempt at the time of appealing, will not be granted when it affirmatively appears not only that there has been no adjudication that the appellant was in contempt, but also that the rule to show cause was returned without an effort being made by the officers to serve it, and for the alleged reasons that it was received by him on the day it was returnable and too late for service. *Woodson vs. State.* 19 *Fla.*, 549, *distinguished.*

4. A recital in an order in the cause in which contempt proceedings arose, to the effect that such proceeding or " rule " is still pending, and a refusal to hear the party or her counsel in any

further steps until the matter of contempt should be "disposed of," and a further recital in an order of reference to take testimony in behalf of the other party to the cause, that the "rule" had been "granted," and "to which rule the said defendant being considered to stand in contempt of the court, in the premises," will not be regarded as, or given the effect of, an adjudication in contempt proceedings, of which there has been no notice to the party charged with contempt.

Appeal from the Circuit Court for Hillsborough county.

The facts of the case are stated in the opinion of the court.

Motion to dismiss appeal.

*Macfarlane & Pettingill*, for the motion.

*Phillips & Carter, contra.*

RANEY, C. J. :

The ground upon which the appellee moves to dismiss the appeal is, that the appellant at the time of the rendition of the final decree, and at that of entering her appeal, had been declared by the Circuit Court to be in contempt of its authority for failure to comply with its order commanding her to deliver one of the children, Ruby, to Mrs. Kennedy, the custodian appointed by the court, and for departing from the jurisdiction of the court with Ruby in her custody, which contempt continued and had not been purged by ap-

pellant, nor had she made any effort to purge the same at the time of taking her appeal.

It does not appear from the transcript that there has ever been any service of the rule for Mrs. Palmer to show cause why she should not be attached for contempt, but on the contrary it is affirmatively shown that the rule did not reach the hands of the sheriff for service until the day it was returnable, and that he returned it without service two days after, and for the reason that he received it "at 10 o'clock A. M., too late for service." The order of September 10th, 1890, recognizes the "rule" as still pending; and states that neither the appellant, nor her counsel, have responded or made return to it, and that the court "declines to hear defendant or counsel in any further steps until said matter of contempt is disposed of." The next and only other order referring to the contempt matter is that of October 3rd, 1890, purporting to be made upon the cause coming on to be heard upon the petition of the complainant for a reference of the cause to take evidence in behalf of the complainant. This order, after reciting that the cause had been brought to an issue by the filing of the replication on July 7th, 1890, and that it further appeared "to the court that on the 10th day of June, 1890, a rule was granted against the defendant, Electa E. Palmer, to show cause why she should not be considered in contempt of the court for the violation of certain orders issued herein, to which rule the said defendant being considered to stand in contempt of the court in the premises," orders and ad-

judges a reference of the cause to the master to take evidence in behalf of the complainant on due notice to him or his solicitors. The master took testimony upon the issues made by the pleadings as to divorce and of the complainant being a proper person to have the custody of the children, and a final decree was made dissolving the marriage and warding the husband the custody of the children.

We cannot regard the recital in the order of October 3rd as an adjudication of the court in the contempt proceedings; it is a recital of contempt proceedings. The contempt proceedings were not then before the Judge for his action. What the order adjudges is a reference to take testimony in behalf of the complainant. It adjudges nothing else, and that part of the order preceding the real adjudication is composed of recitals of what the judge assumed to exist at the time, and to justify the reference, and the recital in question is nothing more than a statement of what the judge assumed to be the legal effect of the contempt proceedings as they then stood; or, in other words, that they, in their then status, showed her to be in contempt. This was a mistake; he had declined to hear her or her counsel further in any other matter in the cause until the contempt proceedings should be disposed of, but had made no adjudication in that proceeding. This refusal to further hear her or her counsel was, like the recital under consideration, not in the contempt proceeding. There had been no adjudication on the rule to show cause. There had been no attempt

to make service of the rule. The contempt proceedings were in fact in a lapsed condition at the time of the refusal and recitals commented on, no effort having been made to obtain a further or supplemental order designating another day for showing cause. The question then really is whether we should dismiss this appeal because of what is shown by this record as to the contempt proceedings. The purpose of an order to show cause, in cases like this one, or where the contempt has not been committed in the presence of the court, (Ex-parte Terry, 128 U. S., 289,) is to give the party complained of notice or an opportunity to be heard; and when personal service cannot be made, the practice is to obtain a special order that service be made by leaving a copy at the party's last place of abode, and even, it seems, in other ways. Hollingsworth vs. Duane, Wallace, C. C. Rep., 141; Golden Gate Mining Co. vs. Yuba County Superior Court, 65 Cal., 187; State vs. Matthews, 37 N. H., 450; Ex-parte Langdon, 25 Vt., 680; Albany City Bank vs. Schermerhorn, 9 Paige, 372; Gates vs. McDaniel; 3 Porter, 356; Brinkly vs Brinkly, 47 N. Y., 40; McCredie vs. Senior, 4 Paige, 378; 3 Am. & Eng. Ency. of Law, Title Contempt, 790 *et seq.* In the case of 65 California, where the officers of the corporation charged with contempt concealed themselves, service was ordered to be made on one who repeatedly appeared as attorney of the corporation.

If we thought the recital in the record of October 3rd had been intended as an adjudication in the con-

tempt proceedings, we should still be compelled, in view of the absence of any attempt to serve the rule to show cause, to hold that it was no bar to the appellant's right to a review of any order or decree in this cause outside of the contempt proceedings. She cannot be thus precluded by an order as to which she has had no day in court. Ruhl vs. Ruhl, 24, W. Va., 279.

There is nothing in the case of Caro vs. Maxwell, 20 Fla., 17, that is inconsistent with this conclusion. It decides that an appeal does not lie from an order or judgment imposing a fine for contempt, and that a mandamus will not be granted to compel the approval of an appeal bond in such a case. We may remark that where the judgment is void as for want of jurisdiction of the court, the remedy is by *habeas corpus*, and where it is merely irregular or erroneous, there is no appeal or other right of review. Church on Habeas Corpus, Chapter 23. Judgments for contempt cannot be reviewed by appeal or writ of error for mere irregularity or error; they can be assailed only for illegality, and this, it seems, must be by *habeas corpus*.

The case of Woodson vs. State, 19 Fla., 549, is one in which a person under sentence for a criminal offense had brought his cause to this court by writ of error, and pending such writ he broke jail, and the Attorney-General presenting proper evidence that he was still at large, moved *this court* that the writ should be dismissed on a certain day in the future unless Woodson should by that time surrender himself to the custody of the law. It was ordered accordingly, and Woodson failing

to surrender himself by the day specified in the order, the writ was on that day dismissed. Smith vs. United States, 94 U. S., 97, is a similar case. The case of State vs. Clerk of Bergen, 25 N. J., (Law), 209, was one of *certiorari*, and in answer to the writ the clerk of the circuit Court of Bergen county sent up copies of an order for bail, made by a Commissioner of the Supreme Court, by virtue of which one Dunn had been arrested, together with copies of the affidavits upon which it was founded, and the writ or copies issued thereon out of the Circuit Court, returnable to a term thereof, and the return of the sheriff thereto, by which it appeared that Dunn was arrested, but before he could be taken to jail, was forcibly rescued from his custody and escaped A motion being made in the Supreme Court to set aside the order for bail on the ground of the insufficiency of the proof on which it was made. The return of the sheriff was held, upon authorities cited, to be conclusive evidence of the rescue (citing 1 Sel. Pr., 134; 1 Arch., Pr., 78-9; 1 Phil. Ev., 312,) and that the party availing himself of the rescue was in contempt and, while so, had no standing in the court whose process he resisted, and was not entitled to be relieved by that court, and that the Supreme Court would not interfere in a case where that court ought not and would not; that Dunn should, if he wished to test the validity of the order, have submitted to arrest and gone into custody or given bail to the sheriff, and then sought relief from the court out of which the process issued, or in the Supreme Court. The court refused to look into

the merits of the order, or of the proofs on which it was founded.

The distinction between the two cases last cited and the one before us is evident. Both of these were applications to the appellate court to exercise the power of adjudging the appellant to be in contempt, upon proofs submitted to it as an original proposition and in each of them there was legal proof that the parties asking relief were in contempt. Here the only thing relied on as the basis for our action is the contempt proceedings instituted in the Circuit Court by the appellee by petition verified, it is true, by his affidavit, but not prosecuted further than obtaining an order to show cause, and putting the same in the hands of the sheriff too late for service. There is moreover no proof here, like there was in Evans vs. Van Hall, 1 Clarke's Chan., 10, that service of the rule could not be made, but it is evident from the record that service could have been made by leaving a copy for her at her last place of abode.

Without saying what would be the effect of an order upon proper proceedings, adjudging appellant to be in contempt, (Andrew vs. Knox County, 70 Ill., 65,) it is clear that there is nothing of the kind before us.

We appreciate the duty we owe to the administration of justice to visit promptly and fully upon all persons the legal consequences of their placing themselves in contempt of any court whose orders we may have to re-

view, but when we are called upon to act upon the basis simply of the contempt proceedings of another court such proceedings must at least show something more than is exhibited by this record.

The motion is denied.