THE FLORIDA CENTRAL AND PENINSULAR RAILROAD COMPANY, A CORPORATION, JOHN DIZIER, PETER O. KNIGHT, D. E. MAXWELL AND JOSEPH B. WALL, APPELLANTS, VS. JAMES H. WILLIAMS AND WILLIAM W. WILLIAMS, APPELLEES.

1. An appeal does not lie from an order of the Circuit Court merely imposing a fine for contempt for the violation of an injunction granted in a chancery cause.

2. An appeal does not lie from an order punishing a party for contempt for the violation of an injunction granted in a chancery cause, even though such order in addition to imposing a fine, directs the party to undo an act done in violation of the injunction in order to restore the property affected by the enjoined act to the same situation as when the injunction issued and commits the party to imprisonment until the required act shall have been performed. (MAXWELL, J., dissenting.)

This case was decided by the Court In Banc.

Appeal from the Circuit Court for Hillsborough County.

The facts in the case are stated in the opinion of the Court.

*Jno. A. Henderson, J. B. Wall* and *P. O. Knight,* for Appellants;

*Gunby & Gibbons* and *William Hunter*, for Appellees.

CARTER, J.

This cause was duly considered by Division B upon the transcript of the record, and oral argument and briefs for the respective parties, and said Division being ·of opinion that the question decided ought to be submitted to the court *in banc*, referred the cause to the court *in banc* for decision.

The appeal is from an order of the Circuit Court of Hillsborough county, made upon a rule to show cause adjudging appellants to be in contempt of that court for disobeying a temporary injunction entered in a certain chancery cause therein pending, wherein the appellees were complainants, and the appellant, the Florida Central & Peninsular Railroad Company was the defendant. The injunction writ forbade the railroad company, its attorneys, agents, servants and employes laying or attempting to lay a railroad track upon certain land which the bill alleged was owned and possessed by appellees, and from connecting or attempting to connect said railroad track with certain land described in the bill. The other appellants were the attorneys and agents of the company who either advised the doing of the forbidden acts or participated in the work after knowledge of the writ.

The court adjudged appellants guilty, imposed a fine of twenty-five dollars and costs upon each, with a provision that if not paid in twenty days that·Maxwell, Dozier, Wall and Knight stand committed to the county jail until payment of the fines or the further order of the court, and that the property of the railroad company be sequestrated to pay its fine. It was further adjudged that the

railroad company and Maxwell, its general manager, within twenty days tear up the track constructed in violation of the junction, and replace the property and premises in the same condition it was at the time of the service of the injunction, and in default thereof that Maxwell stand committed to the county jail until such order was complied with.

It is argued in this court that an appeal lies from this order; that the judge who made it was disqualified, and that the bond required of appellees by the injunction order had not been given when the acts were done that constituted the violation of such injunction, and, therefore, that the injunction order had no binding force at the time it is alleged to have been violated. The court being of opinion that appellees' contention that an appeal does not lie from the order punishing appellants for contempt is correct, the appeal will be dismissed, without considering the other questions sought to be presented.

In Caro v. Maxwell, 20 Fla. 17, it was held that an appeal does not lie from an order of the Circuit Court imposing a fine for a contempt in violating an injunction. The question was directly involved in that case and many authorities are cited to sustain the proposition. In Palmer v. Palmer, 28 Fla. 295, text 300, 9 South. Rep. 657, the court refers to the rule announced in Caro v. Maxwell, and says: "we may remark that where the judgment is void as for want of jurisdiction of the court, the remedy is by *habeas corpus*, and where it is merely irregular or erroneous there is no appeal or other right of review. Church on Habeas Corpus, Chap. 23. Judgments for contempt can not be reviewed by appeal or writ of error for mere irregularity or error; they can be assailed only for illegality, and this it seems must be by *habeas*

*corpus.*" In Ex parte Senior, 37 Fla. 1, 19 South. Rep. 652, it was held that *habeas corpus* is an appropriate remedy for testing the question of the jurisdiction of a Circuit Court to punish a witness for contempt in refusing to answer questions. There the case of Caro v. Maxwell is again refered to as holding that a contempt order will not be reviewed on appeal or writ of error. See, also, Ex parte Edwards, 11 Fla. 174. The clear effect of these decisions is to hold that an order adjudging a party guilty of contempt can not be reviewed by any other court for mere errors of irregularities; that generally no appeal lies from such an order; but that the question of jurisdiction to make it can be inquired into by writ of *habeas corpus*, and our *habeas corpus* statute (section 1775 Rev. Stats.) seems to recognize *habeas corpus* as an appropriate remedy by declaring the extent of the relief to be granted where the party is imprisoned for contempt. There has been no statutory extension of the right of appeal since these decisions were rendered, and we must hold that the appeal here taken comes within the rule announced in Caro v. Maxwell, and must, therefore, be dismissed.

There are cases which hold that where contempt proceedings are resorted to in the ordinary course of chancery practice as a means of enforcing the payment of money decreed to a complainant, or to compel the performance of some act required by a decree to be done for his benefit, an appeal will lie from the decree made therein. To this class of cases Sanchez v. Sanchez, 21 Fla. 346, may be assigned. There an order was made January 20, 1883, requiring appellant to pay certain sums to appellee, his wife, for alimony and counsel fees. On May 15, 1883, it was adjudged that appellant be attached for contempt for not complying with the order of January 20,

1883, and that he be held in custody until such former order was complied with or until the further order of the court. Appellant moved the court to set aside and vacate the contempt order, which was denied May 24, 1883. Upon appeal this court reviewed those orders and reversed them. In that case the court made no reference to the previous decision in Caro v. Maxwell, or to the question whether an appeal would lie from the contempt order or the order refusing to vacate it. The proceeding in that case was remedial merely, and not punitive. The process there granted was to compel performance of the decree by payment to the wife of the amount decreed to her for alimony and suit money. In such cases many authorities hold that an appeal will lie. See Phillips v. Welch, 11 Nev. 187; Ex parte Whitmore, 9 Utah, 441, 35 Pac. Rep. 524.

It is contended for appellants that the order in this case is not strictly punitive, but that it is remedial and affects property rights, and that, therefore, it falls within that class of cases to which we have assigned the Sanchez case. The direction to the company and its general manager to tear up the track built in violation of the injunction, and in default thereof, that the general manager be committeed, it is contended is of this nature, but we do not so regard it. That provision simply requires the company and its general manager to undo an act done in violation of the injunction, in order that the property might be restored to the same situation as when the injunction was granted, and as a punishment for failure to do that act commits the general manager of the company to imprisonment. This portion of the order adjudges no right to complainants. It adjudicates no right against the company and its general manager. It merely imposes terms upon which parties will be permit-

ted to purge themselves of the contempt, which terms can be complied with without admitting any right in complainant or waving any right they claim. The provision quoted is a part of the punishment imposed for the contempt. Whether the court had the power to so impose it is not now involved, the only question being whether that part of the order is remedial or punitive. The entire order is punitive in its nature, and if the court had no jurisdiction to make it or any feature of it, *habeas corpus* would relieve the party from imprisonment for non-performance of acts which the court had no jurisdiction to require him to do.

For the reasons stated the appeal must be dismissed at the cost of appellants.

MAXWELL, J., dissenting.

In my judgment that part of the order of the court below which directed that the F. C. & P. R. R. Co. should remove its track constructed in disobedience of the injunction and that its general manager should be imprisoned until this be done, is remedial in its nature, designed to enforce the previous order of the court, and to secure to the complainants the enjoyment of their property as sought to be preserved by the temporary injunction, for breach of which this contempt proceeding was instituted. This brings it within that class of cases to which the majority of the court assign the case of Sanchez v. Sanchez, 21 Fla. 346, where an appeal was permitted.