**THE STATE OF FLORIDA, upon the relation of ROBERT JAMES CARROLL, v. JIMMY SULLIVAN, Sheriff of Dade County, Florida.**

33 So. (2nd) 735
February 3, 1948

January Term, 1948
En Banc

*Oppenborn, Mincer & Ropes,* for relator.

*Norris McElya,* for respondent.

BARNS, J.:

This cause comes on before this Court upon the Return to a Writ of Habeas Corpus issued upon a Petition therefor reciting that petitioner had been illegally committed by the Chancellor for contempt because on the non-payment of alimony, in that:

"(a) The term of arrest or incarceration, as specified in said order, is vague, indefinite and uncertain in that it contains a provision that the relator, Robert James Carroll, be held by the respondent and imprisoned for a period of 'thirty days, or until further order of this Court.'

"(b) An alleged violation of two orders of the Circuit Judge, which are 'void, illegal, oppressive and in violation of the provisions of due process of law.'

"(c) That one of the orders referred to in (b) supra is 'vague, indefinite, and uncertain, either as to amount, or as to time of payment, and which said expenses had not, in fact, at the time of entry of the said order become due and over which no provision whatsoever was made as to either the amount thereof, or time of payment; said provisions being left solely to the discretion of the plaintiff, her counsel of record, and such of the doctors, nurses, and hospitals as might later become therein involved.

"(d) That there nowhere appears in the said orders any findings based upon the matters therein related, declaring a violation of the said orders for which a commitment for contempt could be based; it appearing, on the contrary, from the

said orders, that certain portions thereof were impossible of compliance.

"(e) That he is destitute and unable to perform such orders of the chancellor."

The petitioner was before the Chancellor as a defendant in a suit for divorce. A hearing was had and a decretal order was entered by the Chancellor exacting alimony payments from the petitioner for the benefit of the wife and, in a subsequent hearing, he was ordered committed because of the nonperformance of the Chancellor's order.

In order to properly review the action of the Chancellor we will be compelled to review the record of the proceedings before him. It is not before us in such form as is conducive to a proper review.

The petitioner has been found guilty of an indirect civil contempt. It was indirect because it was not in the presence of the court and because proof thereof was necessary in order that the chancellor be advised of the facts going to the determination of the contempt.

It was civil because it was for the benefit of the wife and the chancellor's order was for coercive purposes, to-wit: Perform his obligations to his wife, relative to maintenance and support.

We are familiar with the decisions of this Court, notably Miller v. Miller, 91 Fla. 82, 107 So. 251; (See also Culpepper v. Culpepper, 103 Fla. 390, 138 So. 799; Hamilton v. State ex rel., 148 Fla. 551, 4 So. (2nd) 660) holding that orders like the one now under study may not be reviewed by certiorari.

We now recede from that position and hold that such procedure may be employed, a view which we consider justified by our Rule No. 34, as follows:

"(a) Interlocutory Appeals to Be By Certiorari. All appeals from interlocutory decrees as authorized by statute including orders or decrees after final decree, shall be prosecuted to this court by certiorari in the manner provided by the rules relating to the constitutional writ of certiorari. This rule shall not preclude the review of such orders and decrees on final decree, if found more expedient."

So we discharge the writ heretofore issued and remand the petitioner to custody, without prejudice to the petitioner's bringing the challenged order here by petition for certiorari supported by a record in proper form.

THOMAS, C. J., TERRELL and CHAPMAN, JJ., concur.

BUFORD, ADAMS and SEBRING, JJ., dissent.

ADAMS, J., dissenting:

I concur in the dissenting opinion of Mr. Justice Sebring with the further observation that it is not necessary for us to recede from our former decision in order to decide this case unless we hold that review may be had under Rule 34 to the exclusion of a review by Habeas Corpus. We have no right to abrogate the Writ of Habeas Corpus vouchsafed by the fundamental law of the land.

If the majority opinion leaves the two methods of review open then an election has been made and it becomes our duty to decide the case. Especially is this so when the time has, perhaps, expired to afford adequate review by appeal or certiorari.

It is not sufficient to simply say, as in the majority opinion, that "It is not before us in such form as is conducive to a proper review." The fact of the matter is that all the record is here which could be presented by certiorari or appeal: i. e., the pleadings, testimony and orders adverse to petitioner.

BUFORD, J., concurs.

SEBRING, J., dissenting:

I cannot agree with the opinion prepared by Mr. Justice BARNS in the above case. Although Supreme Court Rule 34 may authorize the review of a contempt order by interlocutory certiorari, I am of opinion that such remedy is not exclusive, but is concurrent with, the remedy afforded by habeas corpus.

The petitioner before us has elected to proceed by habeas corpus, the writ has been issued, and the respondent has made his return. The controversy, therefore, is ripe for a decision upon the merits.

Having elected to test the order complained of by habeas corpus, the petitioner has the burden of showing the illegality of his detention. See McCall v. Lee, 66 Fla. 14, 62 So. 902. He has failed to sustain the burden. He should therefore be remanded.

BUFORD and ADAMS, JJ., concur.