104 So.2d 598 (1958)
Julian Virgil DYKES, Appellant,
v.
Ruby Mae DYKES, Appellee.
No. 58-74.
District Court of Appeal of Florida. Third District.
July 10, 1958.
*599 Von Arx, Von Arx & Hope, Miami, for appellant.
William v. Patteson, Coral Gables, for appellee.
CARROLL, CHAS., Chief Judge.
The parties to this appeal were divorced by a decree of the Circuit Court for Dade County on January 10, 1952. Appellant, who was the defendant below, was ordered to pay $30 a week for the support of three minor children.
The record of the case for the years subsequent to the decree is strewn with a dozen orders relating to custody and for the enforcement of payment of child support.
The present appeal is from an order dated December 5, 1957, directing that appellant be confined for a stated period for violation of an order for payment of child support.[1]
Under an order dated October 30, 1955, Nona Kammerer McCallister, a maternal aunt, held custody of two of the children. The proceedings out of which the order appealed from in this case arose were based on a petition filed by Mrs. McCallister alleging non-payment of child support.
Appellant does not argue that he was not in default, and he does not contest the length of the period of his confinement. His appeal presents these three contentions, (1) that because Mrs. McCallister was not a party to the suit, there was no proper petition to support the order, (2) that there was a lack of required notice of the petition and that he was adjudged in contempt without opportunity to be heard, and (3) that the order improperly failed to make provision by which appellant could purge himself of the contempt.
The first of appellant's contentions is not well founded. Mrs. McCallister had been granted custody of appellant's children by an order of the court. It was she to whom the support payments then should be made, and she could enforce the provisions for child support.[2]
Appellant's second contention is without merit. Copies of the petition and notice were sent by registered mail to appellant's last known address, and were receipted for by someone there. Cf. Palmer v. Palmer, 28 Fla. 295, 9 So. 657. The appellant did not appear at the hearing, and an order was made for him to be taken into custody and brought before the court. After several months during which the appellant was not found, and after he appeared to have removed himself from the county the court made another order directing that he be arrested and brought forthwith before the court. That last order was made in July of 1957.
Appellant was found and taken into custody on November 27, 1957, in Dade County. He was present before the court at a hearing on December 5, 1957, at which the court entered the order for his confinement, from which this appeal was taken.
Due process of law in such a contempt proceeding requires that the party accused be advised of the charge which is the basis thereof and be accorded opportunity to defend himself, including the opportunity to be represented by counsel and to testify and present relevant evidence of witnesses, going not only to the facts of the charge itself but to matters of excuse therefrom and of extenuation and mitigation. *600 Baumgartner v. Joughin, 105 Fla. 335, 141 So. 185, 187; State ex rel. Giblin v. Sullivan, 157 Fla. 496, 26 So.2d 509, 518; 12 Am.Jur., Contempt, §§ 69-70, pp. 436-437.
The proceedings before the court on December 5, 1957, were not reported and transcribed. The appellant was before the court, and presumably had the opportunity to be represented and to present evidence in his defense, and this record fails to demonstrate any absence of an opportunity to be heard.
On appellant's third point we hold that the decree appealed from should be modified to include a finding of the amount by which appellant was in default for child support at the date of such order, and to provide that he may purge himself and be released upon paying or causing said sum to be paid. Sanchez v. Sanchez, 21 Fla. 346, 352; Palm Shores, Inc., v. Nobles, 149 Fla. 103, 5 So.2d 52, 53; Demetree v. State ex rel. Marsh, Fla. 1956, 89 So.2d 498, 501.
The contempt involved in the order appealed from was a civil contempt. In discussing the distinction between civil contempt and indirect criminal contempt and the difference in the respective penalties, in Demetree v. State, supra, the Supreme Court said:
"The distinction is important because of a difference in quantum of proof necessary to convict as well as the nature of the punishment that may be administered upon a determination of guilt.
"In its broadest aspects a civil contempt order is sought by a party to the cause and entered by the court for the private benefit of the offended party. While imprisonment may be adjudged in a civil contempt proceeding, it is coercive rather than punitive in nature. Customarily when imprisonment is ordered for a civil contempt its continuance is made contingent upon compliance with the order of the court and when the contemnor has so complied he is released from prison. The sentence is usually therefore indefinite and not for a fixed term. It is for this reason that in civil contempt it has been said that the contemnor `"carries the key of his prison in his own pocket."' In re Nevitt [8 Cir.], 117 F. 448, 451, 461, 54 C.C.A. 622. He can end the sentence and discharge himself at any moment by doing what he had previously refused to do."
The order in this instance directed that the appellant be confined for a designated period with no provision for release upon purging himself by payment of the defaulted amount, and to that extent the order is reversed with directions to modify and amend the same; in other respects the order appealed from is affirmed.
Affirmed in part and reversed in part.
HORTON and PEARSON, JJ., concur.
NOTES
[1] This appeal treated the order as a final order. The proper and speedier procedure called for an interlocutory appeal, under rule 4.2, Fla.App.Rules, 31 F.S.A. See State ex rel. Carroll v. Sullivan, 160 Fla. 115, 33 So.2d 735, 736.
[2] Rule 3.18, Fla.Rules Civ.Proc., 31 F.S.A., was designed to meet that situation, and it reads: "Every person, not being a party in any cause, who has obtained an order, or in whose favor an order shall have been made, may enforce obedience to such order by the same process as if he were a party; * * *"