SHIVERS, Judge.
Defendant Union appeals from a final judgment of contempt entered against a union member. We reverse.
Pursuant to the parties' stipulated statement of proceedings under Fla.App.R. 9.200(a)(3), the pertinent facts are as follows: In August 1979, the International Chemical Workers Union, Local 328 (Union) began a strike against the Arizona Chemical Company (Company). On August 27, 1979, the circuit court entered a temporary restraining order, enjoining the Union from committing or threatening to commit acts of violence, trespass, or damage against the Company. On August 30,1979, the Company filed a motion for sanctions against the Union and C. E. Roberson, Jr., a union member, alleging a violation of the August 27 temporary injunction and providing notice of hearing to the Union and Roberson. On August 31, 1979, the circuit court entered an order continuing the hearing on the motion for sanctions and issued an order to show cause against the Union and Roberson. After several cancelled and rescheduled hearings, final hearing was held on June 24, 1980. On July 9, 1980, the circuit court found Roberson in contempt of court for violating the terms of the temporary injunction and sentenced him to 90 days in jail unless he purged the contempt by paying the Company a fine and costs of $575.
According to the parties’ stipulation, Roberson “was never made a party to this action, nor was any further order to show cause ever issued, nor was [he] afforded any notice of hearing whatsoever, nor was he a witness at the hearing, nor was he present at the hearing or represented by counsel.”
We conclude the judgment of contempt must be reversed because Roberson was not provided notice and an opportunity to meet the charges against him. Due process of law requires that a party accused of indirect contempt be advised of the charge and afforded an opportunity to defend him *1258 self. In re: S.L.T., 180 So.2d 374 (Fla. 2d DCA 1965); Deter v. Deter, 353 So.2d 614 (Fla. 4th DCA 1977); Dykes v. Dykes, 104 So.2d 598 (Fla. 3d DCA 1958); State v. Sullivan, 26 So.2d 509 (Fla.1946). It was the contemnor, Roberson, and not the Union, who was personally found to be in contempt for violating the temporary injunction. However, according to the parties’ stipulation, Roberson was not a party to the action below, did not receive personal notice of the final hearing, and was not present at the hearing or represented at the hearing by counsel. Since fundamental due process requires an individual be given notice of hearing and an opportunity to be. heard before he is deprived of liberty or property, the judgment of contempt must be reversed.
Therefore, the judgment is reversed and remanded for further proceedings consistent with this opinion.
REVERSED and REMANDED.
WENTWORTH, J., and WOODIE A. LILES (Ret.), Associate Judge, concur.